FREEMAN, trustee, *vs.* THE MAYOR, ETC., OF ATLANTA, for use.

1. The lien of the mayor and council of Atlanta for tax attached on the first day of April, 1875, to land as the property of the holder on that day. That he subsequently sold the land, and upon failure of the purchaser to pay all of the purchase money, that a judgment was obtained against him, a deed made to him, and the land levied on and sold as his property, did not divest the lien of the municipal authorities. The sheriff's sale conveyed what the defendant had, the lien attached to what the vendor had.
2. Under such circumstances a transferee of the *fi. fa.* for municipal

tax could not claim the sum arising from the sale by the sheriff under the *fi. fa.* against the purchaser, and it was irrelevant to show that he permitted the amount so raised to be paid over on the *fi. fa,* for the purchase money.

Claims.   Liens.   Tax.   Sales.   Title.   Before  T.  P. WESTMORELAND, ESQ., Judge *pro hac vice.*   Fulton Superior Court.   October term, 1880.

Reported in the decision.

HENRY HILLYER; MARSHALL J. CLARKE, for plaintiff in error.

HOPKINS & GLENN, for defendants.

SPEER, Justice.

The record in this case discloses the following state of facts: A tax *fi. fa.* issued by the city of Atlanta, under date of August 21st, 1875, against John R. Wallace, for the sum of $1,278.12, for his taxes due said city for the year 1875, was, on the 10th March, 1876, transferred by the marshal of said city to W. H. Venable, in consideration of $1,257.92.   On the 16th March, 1876, said *fi. fa.* was entered on the execution docket of Fulton superior court.   On the 8th August, 1877, this tax *fi. fa.* was levied on the property (a city lot) in controversy as the property of John R. Wallace, to which the plaintiff in error, as trustee, interposed his claim.   It was shown by the plaintiff in execution on the trial of the issue made (as to whether the property levied on was subject), that John R. Wallace owned the property in dispute in 1874 or 1875.   It had been sold in 1874 or 1875 at public outcry, and John R. Wallace, defendant in *fi. fa.* became the purchaser, and paid for the property.   That afterwards he sold the property to J. W. Sparks & Son, for $2,500.00, he agreeing to take up some of Wallace's unpaid notes for the property, as part consideration for the purchase.

Freeman, trustee, *vs*. The Mayor, etc., of Atlanta, for use.

Two of the notes given by Sparks & Son to Wallace for the purchase money of the lot were indorsed by Wallace and transferred to John Neal. Neal brought suit on the notes. A judgment on said notes in favor of Neal *vs*. Sparks & Son was rendered. A deed for this property, dated 5th May, 1875, was made by Wallace to Sparks & Son, which was recorded 4th January, 1877. Under said judgment in favor of Neal, the house and lot in dispute was levied on as the property of Sparks & Son, by the sheriff, and at the sale Freeman, plaintiff in error, became the purchaser, at the price of $3,700.00, and took a sheriff's deed. During the trial of the claim case below, the claimant proposed (after proving the execution of the same) to read in evidence the following paper signed by the plaintiff in *fi. fa.*:

"*A. M. Perkerson, sheriff*,

May pay out the money raised on the *fi. fa.* of John Neal *vs*. J. W. Sparks & Son, provided he retains the sum of seventy-five dollars to be contested for me.

(Signed)                         W. H. VENABLE."

Plaintiff in *fi. fa.* objected, and the court excluded the paper. It was further admitted that the lien of the city of Atlanta for taxes dated from 1st April, in each year.

The evidence having closed, the court charged the jury: "On the production of the *fi. fa.* and proof of title in the defendant Wallace at the time of its issuance, or on 1st April, 1875, or that Wallace or some one claiming under him was in possession of the property at the time of levying, it would be your duty to find the property subject. This would be true notwithstanding the property was sold by the sheriff under the *fi. fa.* of John Neal *vs*. Sparks & Son and the claimant became the purchaser at such sale, and now holds under a title acquired that way. Venable was not obliged to pursue the fund raised by that sale, and his lien was not divested by said sale." The jury found the property subject.

v66—39

Freeman, trustee, *vs.* The Mayor, etc., of Atlanta, for use.

Claimant made a motion for a new trial on the ground, 1st. The court erred in excluding the paper signed by Venable addressed to the sheriff. 2d. On account of the charge as above set forth; which was overruled, and c    excepted.

We see no error in the action of the court on either of the grounds taken in the motion for new trial. It is very clear that the *title* to the property was in Wallace on 1st April, 1875—he not conveying it away until 5th May, 1875—and the lien attaching for these taxes 1st April, 1875, this lien followed the property into the hands of Sparks & Son.

Was there anything in the sale of the property by the sheriff under the judgment Neal had against Sparks & Son to divest this lien? We think not. The property was sold as the *property of Sparks & Son—their* interest in it, and that alone, is what Freeman bought. The money raised from said sale was to be appropriated to *debts of Sparks & Son*—not Wallace. Had there been an overplus of money in the sheriff's hands under this sale, after paying the liens against Sparks & Son, it would have belonged to them and not to Wallace. This tax *fi. fa.* being against Wallace, had no lien on the proceeds of *that* sale—but its lien still attached to the property as Wallace's, and we see nothing in the private sale to Sparks & Son, or the sale by the sheriff thereafter made of the premises as *their* property to divest it. We think the court did right to exclude the paper offered in evidence, for the same was irrelevant. Nor do we find any error in the charge of the court excepted to.

Let the judgment of the court below be affirmed.