J. W. CARTER v. W. E. McGILL.

(Filed 31 May, 1916.)

**Fertilizers—Inferior Quality—Damages to Crops—Contracts.**

> The rule of evidence laid down on the former appeal of this case, relating to damages to crops, etc., alleged to have been received because of the use of inferior fertilizer, is sustained on this rehearing, with suggestion that those in the fertilizer trade may protect themselves from the hazards in respect to the loss of crops by express provisions in their contracts of sale. See *s. c.*, 168 N. C., 507.

PETITION to rehear. Appeal by defendant from *Cooke, J.*, at September Term, 1914, of CUMBERLAND.

*Tillett & Guthrie, McIntyre, Lawrence & Proctor for plaintiff.*
*Rose & Rose for defendant.*

PER CURIAM. This is a petition to rehear. The Court, after due consideration, is of the opinion that the former judgment should be affirmed. See *s. c.,* 168 N. C., 507. It appears that the defendant offered to show generally, that is, without indicating the precise nature of the evidence, that the fertilizer was worthless, and this evidence was excluded. As to the other question in the case, the proof as to the yield of crops, it will be difficult, as we know, for the defendant to comply with the exacting rule we have laid down, and exclude from the evidence offered to show the state of the crops all speculative or conjectural elements. The evidence should not be received unless this is done. We stated at the last term, in *Guano Co. v. Live-stock Co.,* 168 N. C., at 451; referring to *Tomlinson v. Morgan,* 166 N. C., 557, and quoting therefrom, that such evidence should always be handled with great care and exam-

ined with scrutiny, in order to see that no harm comes to the dealer or seller by any possible guess that any alleged failure of or diminution in crops was caused by the inferior quality of the fertilizer, and to safeguard against the use of any evidence which is not at least practically certain in its character. In this very case we used this language: "The evidence should be admitted cautiously and with proper and full safeguards, so as, by eliminating the speculative elements, to show clearly the causal connection between the fertilizer used and the loss or diminution of the crop. Unless the foundation for such proof is well laid, it lacks in probative force, as it has not been removed from the realm of speculation, and is only conjectural and, of course, unreliable."

It is proper, in this connection, to suggest that the plaintiff, and others in the fertilizer trade similarly situated, can protect themselves against too great a hazard in respect to the loss of crops by a provision in their contracts to the effect that they are not to be liable for any results from the use of the fertilizer, or for any loss of crops, as was done in the case of the contract which was the subject of the controversy between the parties in *Guano Co. v. Live-stock Co.,* 168 N. C., 442, where we held such a stipulation to be valid.

Our attention has been called to a case recently decided in South Carolina, *Germofert v. Cathcart,* 88 S. E., 535, in which, upon careful examination, we find the Court construed a contract almost identical in language with the one which was under consideration in *Guano Co. v. Live-stock Co.,* 168 N. C., 442, and it held, as we did in the latter case, that the express warranty, and the restrictive clause therein as to nonliability for results, excluded the evidence as to failure of crops. See, also, *Allen v. Young,* 66 Ga., 617, which was cited for that position in *Guano Co. v. Live-stock Co., supra,* at p. 448. In the *Germofert* case the Court said that "The defendant cannot be allowed to avail himself of a method of defense that he has agreed not to use." And again: "The defendant had agreed not to 'hold payee responsible for practical results of said fertilizer on crops.' This evidence and the charge responding to it was in direct violation of the agreement." And so we said substantially in *Guano Co. v. Live-stock Co., supra,* the rule of damages having been fixed by the terms of the contract itself.

While cases must be decided according to the rules of law, as well stated by *Justice Hoke* in *Tomlinson v. Morgan,* 166 N. C., 557, the strict enforcement of the rule may in some cases bear harshly upon a litigant, and it might do so in this class of cases. It is therefore expedient and proper that the dealer should be allowed to shield himself against possible injustice by adequate provision in the contract of sale. If he acts in good faith, he should not be unfairly dealt with; and it is not unusual, as the cases will show, to insert such a clause in contracts of this kind.

Petition dismissed.