B. R. GATLIN ET AL. v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 April, 1920.)

1. **Carriers of Goods—Negligence—Delay in Delivery—Destination—Mistake—Similar Names—Fertilizer—Damages to Crop.**

Where a consignee sues a railroad company for its negligent delay of a shipment of nitrate of soda causing damages to his tobacco crop, and there is evidence tending to show that the defendant had a station known as Woodley's Siding on its road to which the shipment was addressed, and there was also a station in the Eastern part of the State named "Woodley's" to which the shipment was forwarded and where it remained until too late in the season to be used. It is sufficient to be submitted to the jury upon the issue of defendant's actionable negligence, though the defendant was the delivering carrier and had not seen the bill of lading giving more specific designation of the shipment's destination, and the defendant had changed the name thereof, it appearing that the defendant had continued to recognize the former name of the station and had continued to transport freight there when so marked.

2. **Same—Evidence—Presumptive Notice.**

Upon evidence tending to show that a railroad company had caused damage to the consignee's tobacco crop by its negligent delay in forwarding a shipment of nitrate of soda to its proper destination, it will be presumed, under the circumstances of this case, that the carrier knew the shipment was intended to be used as fertilizer on his lands to aid in its better cultivation, and he may accordingly recover his proper damages.

3. **Instructions—Carriers of Goods—Fertilizer—Delay in Delivery—Damages to Crop.**

In this action by the consignee to recover damages against the carrier for its negligent delay in delivering to him a shipment of fertilizer, the Court properly charged the jury, upon the question of ·damages, to his crops, as to the plaintiff's burden of proof to show that it was the defendant's negligence that caused them and not weather or other conditions, etc.

BROWN, J., dissenting.

CIVIL ACTION, tried before *Allen, J.*, at January Term, 1920, of HOKE. Plaintiffs sued for damage to their cotton crop, which they alleged

28—179

was caused by the negligent failure of the defendants to carry and deliver to them one hundred and fifteen (115) bags of nitrate of soda, which was shipped from Wilmington, N. C. It was delivered for shipment to the Atlantic Coast Line Railway Company at Wilmington, which company issued a bill of lading marked, "To B. R. Gatlin, Woodley's Siding, N. C. (N. S. near Ellerbee)," a station in Richmond County, N. C. Its name had been changed to Plainview to prevent confusion, as there was a station on the Norfolk Southern Railway Company's line in Tyrrell County, N. C., called "Woodley." The soda was sent by way of Fayetteville and delivered there by the Atlantic Coast Line Railway Company to the Norfolk Southern Railway Company, but the latter's agent never saw the bill of lading, and received only the waybill, on which the address was Woodley's Siding, N. C., the words in brackets, "N. S. near Ellerbee," having been omitted. The agent of the Norfolk Southern Railway Company at Fayetteville forwarded the soda to Woodley in Tyrrell County, where it remained from 30 June, 1917, until 14 July, 1917, on which day it was reshipped by the Norfolk Southern Railway Company to Woodley's Siding, where it arrived on 17 July, 1917, and was delivered to the consignee on 18 July, 1917.

The defendant, Norfolk Southern Railway Company, contended that the negligence was that of the Atlantic Coast Line Railway Company in not giving the true address of the consignee on its waybill, or in not notifying it in some way, but his Honor failed to take that view, and holding that the Atlantic Coast Line Railway Company was faultless, he granted a nonsuit as to that company, and proceeded against the other defendant alone.

There was a verdict and judgment for the plaintiff, and an appeal by the defendant.

*Smith & McQueen and Currie & Leach for appellees.*
*H. W. B. Whitley, H. McD. Robinson, and W. B. Rodman for appellant.*

WALKER, J., after stating the case as above: First, the court committed no error in holding that there was evidence of negligence by the Norfolk Southern Railway Company, apart from the failure of its co-defendant to notify it of the proper address, and in this respect the case is unlike that of *Gregg v. City of Wilmington,* 155 N. C., 18. There the principal wrong was done by Woolvin in piling the bricks in the streets, and though he did so with the city's permission, or license, as between the defendant's, Woolvin's was the primary negligence which entitled the city to indemnity from him. In this case the Norfolk Southern Railway Company committed a distinct and independent act of negli-

gence from that of the Atlantic Coast Line Railway Company, in that, after it received the goods for the purpose of being forwarded to their final destination, it carelessly failed to do so, when it had a sufficient address, in view of the facts, to know what station was meant, that is, "Woodley's Siding," near Ellerbee, in Richmond County, and not Woodley, N. C., which is in Tyrrell County. There was evidence on the question, that, while the name of "Woodley's Siding" had been changed to Plainview, goods had been addressed to different parties at Woodley's Siding, and forwarded to and received at that place by the Norfolk Southern Railway Company and delivered there to the consignees. Plaintiff B. R. Gatlin testified that he had received shipments there constantly in 1917, addressed to him at Woodley's Siding, N. C., and that he "had shipped there for four years and never knew it by any other name." He lived one mile from the station. The defendant then recognized this as one of its stations by the name of "Woodley's Siding," and actually received and shipped goods to it by that name, although the name had been changed, which change, from the evidence, would seem not to have been put in force. At any rate, it was called by the name of Woodley's Siding, and this continued to be the case even after the change of name was made. Why the defendant should have sent the freight to Woodley, in Tyrrell County, a station far in the east, many miles away, and not having the same name, is not sufficiently or satisfactorily explained, or excused. The evidence of negligence in this respect was properly submitted to the jury.

Second. Without going into details, we are of the opinion that the requests for instructions were substantially given, especially those relating to the burden of proof, the bearing and demeanor of the witnesses, and lastly, as to the weather conditions, and not the negligence of the defendant, being the cause of the injury to the crop. The objections to the evidence are not of material importance, and could not have affected the result enough for us to disturb the verdict.

Third. There was some evidence as to the damages, which was not objected to, if objectionable, and which was properly submitted to the jury. It is hardly possible that defendant did not know for what purpose the nitrate of soda was being shipped, and that it was a fertilizer intended to be used on the plaintiff's lands to aid in its better cultivation. The case is governed in this respect by *Neal v. Hardware Co.,* 122 N. C., 104; *Herring v. Armwood,* 130 N. C., 177; *Lumber Co. v. R. R.,* 151 N. C., 23; *Pendergraph v. Express Co.,* 178 N. C., 344. See, also, *Tomlinson v. Morgan,* 166 N. C., 557; *Guano Co. v. Livestock Co.,* 168 N. C., 451; *Carter v. McGill,* 168 N. C., 507; S.c., 171 N. C., 775.

The verdict was a full one, and may have been too large, as contended by defendant, but a motion was made in the Superior Court to set it

aside as being against the weight of the evidence, which was denied, and we presume the judge was also asked to set it aside because the damages were excessive.

His decision on these motions are not reviewable in this Court.

No error.

BROWN, J., dissenting.