ARMOUR FERTILIZER WORKS v. GEORGE F. SIMPSON.

(Filed 5 April, 1922.)

**1. Contracts—Breach—Fertilizer—Damages—Crops.**

Where the purchaser of fertilizer has suffered damages in the diminution of the value of his crop, caused by the vendor's breach of his contract in making delivery beyond the time specified, and at the time of the sale the vendor's sales agent knew the kind of crop the fertilizer was to be used on and the time of its planting, such damages may be recovered as are reasonable and may fairly be considered, either as arising naturally, according to the course of such matters, from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of the parties at the time of the sale, as the probable result of the breach of its terms; but excluding all speculative and conjectural elements which have no foundation for proof.

**2. Same—Waiver.**

Where damages to crops are recoverable by the purchaser of fertilizer for the breach by the vendor to deliver at the time specified in the contract of sale, the purchaser does not waive his right of recovery by giving his note for the purchase price when the loss was occasioned subsequently and could not then have been ascertained or estimated.

APPEAL by defendant from *Kerr, J.,* at the October Term, 1921, of CUMBERLAND.

Plaintiff sued to recover the amount alleged to be due on a note executed by defendant for fertilizer. Defendant admitted the execution of the note, and pleaded plaintiff's breach of contract in failing promptly to deliver the guano. There was evidence for defendant tending to show that the order was given plaintiff's agent in February; that a contract was made for delivery in March; that plaintiff had delivered other fertilizer in Cumberland County in March upon an order given in February; that plaintiff's shipment was made about the first of May, and received a few days later; and that in consequence of the delay in making the shipment the defendant's crop was damaged to the extent of $700 to $800. The defendant pleaded a counterclaim for such loss. The note was executed after the fertilizer had been accepted by the defendant. At the close of the defendant's evidence the court held that the defendant could not recover on the counterclaim, and rendered judgment in favor of the plaintiff for the amount of the note. Defendant excepted and appealed.

*Cook & Cook for plaintiff.*
*Bullard & Stringfield for defendant.*

ADAMS, J. The defendant admitted the execution of the note and introduced several witnesses who testified in his behalf. Their evidence tended to show that the plaintiff's agent was acquainted with the quality of the defendant's soil and informed of the purpose for which the guano was to be used, and that the plaintiff, through inadvertence in misplacing or losing the defendant's order, delayed the shipment from March until May. We think the evidence should have been submitted to the jury. "Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive, in respect of such breach of contract, should be such as may fairly and reasonably be considered either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it." *Hadley v. Baxendale,* 9 Exch., 353. If the purchaser of guano may show a breach of warranty as to its quality by the effect of its use upon his crops (*Carter v. McGill,* 168 N. C., 507), why may he not by proper evidence show the relative production of land with and without the fertilizer, or the usual effect under ordinary conditions of delayed planting when fertilizer is used? Evidence as to cultivation and tillage, the crop planted, the time of planting, the quality of the

soil, and the condition of the weather and the seasons may, under proper instructions, be considered by the jury. *Carter v. McGill, supra; Tomlinson v. Morgan,* 166 N. C., 560; *Herring v. Armwood,* 130 N. C., 177; *Spencer v. Hamilton,* 113.N. C., 49; *Neal v. Hardware Co.,* 122 N. C., 105; *Gatlin v. R. R.,* 179 N. C., 435. In material respects, *Ober v. Katzenstein,* 160 N. C., 440, is distinguishable from the case under consideration; but in that case it is said that when the vendor knows that the fertilizer is for the purchaser's crops, and fails to deliver it, and the purchaser, because of the lateness of the season, is unable to purchase it elsewhere, he is entitled to damages. In the present case there was evidence that the plaintiff's agent repeatedly told the defendant that the shipment would be made.

But in applying the decisions, as suggested in *Carter v. McGill,* 171 N. C., 775, all purely speculative and conjectural elements which have no foundation for proof should be excluded.

The judgment of his Honor in dismissing the defendant's counterclaim is reversed, and this will be certified to the end that the court may determine the matters in controversy in accordance with law.

