THOMPSON *v.* ADAMS *et al.*

HILL, J. The tax-collector of Morgan County issued a tax execution on December 20, 1920, against W. G. Thompson for $558.18 principal, and $77.43 as interest, besides cost. On May 5, 1921, Miss Kate B. Thompson paid the amount of the execution, and the fi. fa. was transferred to her by the tax-collector of the county and by N. O. Smith, a constable. On June 20, 1921, the clerk of the superior court entered the fi. fa. on the general execution docket of Morgan County. On December 23, 1922, the same execution was transferred by C. S. Baldwin, the sheriff of the county, to Miss K. B. Thompson, and on the same

date the fi. fa. was entered on the general execution docket of the county by E. S. Walker, the clerk of the superior court. On January 3, 1923, Miss K. B. Thompson filed her equitable petition against W. K. Thompson, Mrs. Pauline Pou Adams, R. A. Richardson, Mrs. Sue Reid Walton Manley, R. H. Higginbotham, Neil Vason, G. D. Perry, and estate of C. L. Thompson, alleging the above facts, and also that W. G. Thompson was insolvent; that the defendants were grantees in certain security deeds executed by W. G. Thompson in January and April, 1918, and in January, 1920; and that the lands conveyed by the deeds were subject pro rata for the payment of the tax execution. It was prayed that each defendant be required to pay into court the amount each owed as the pro rata share of the taxes on the land under the respective security deeds; that the defendants be enjoined from changing the status of the land held in the security deeds; and that the execution held by plaintiff be decreed to be against the property of each of the defendants in proportion to the amount that each may have to pay as the assessment against the property held by them, etc. A temporary restraining order was granted. The defendants demurred generally and specially on various grounds, among others, that the fi. fa. is invalid as against the lands held by the defendants, because it was not legally transferred to the plaintiff, and recorded within the time prescribed by law, etc. It was admitted that Morgan County had a population less than 125,000 (see Acts 1915, p. 11; 8 Park's Code Supp. 1922, § 1225). The court sustained the demurrer and dismissed the petition. To this judgment the plaintiff excepted.

1. Under the Civil Code (1910), § 1145, where any person, other than the person against whom the tax execution has issued, pays off the same, the officer whose duty it is to enforce the execution shall, upon the request of the party paying the same, transfer the execution to such party; and the transferee shall have the same rights as to enforcing the execution and priority of payment as might have been exercised or claimed before the transfer; provided, the transferee shall have the execution entered on the general execution docket of the superior court of the county in which the same was issued, and if the person against whom the same was issued resides in a different county, then also in the county of such person's residence, within thirty days from the said transfer. And in default thereof such execution shall lose its lien upon any property which has been transferred bona fide and for a valuable consideration before the record and without notice of the existence of such execution.

(a) The tax execution in the instant case was not transferred by "the officer whose duty it is to enforce said execution," Morgan County having a population of less than 125,000. The first attempted transfer of the execution, therefore, by the tax-collector and constable was illegal. See Acts 1915, p. 11, 8 Park's Ann. Code Supp. 1922, § 1225; Civil Code (1910), § 1145. The execution having been improperly transferred, it is immaterial whether it was recorded within thirty days from such transfer, and the first record was a nullity. The record of the transfer of a tax fi. fa. is not necessary to make it binding on the property of the taxpayer; nor is the record necessary to preserve its priority, except as to subsequent bona fide purchasers for value. The fi. fa. in this

case having been issued for taxes due subsequent to the time when the vendees in the security deeds acquired title thereunder to the property of the taxpayer, the failure to record the transfer of the fi. fa. would not defeat the right of the transferee thereunder.

(b) Where a tax fi. fa. was properly issued, transferred, and recorded a year and seven months after the tax was due, mere delay for such period of time in properly transferring and recording the fi. fa. would not render it invalid in the hands of the transferee, and incapable of enforcement against the defendant in fi. fa.; and in such case the transferee shall lose his or her lien only upon any property which has been transferred bona fide and for a valuable consideration before the record and without notice of the existence of such execution. See *Funkhouser* v. *Male*, 110 *Ga.* 766, 768 (36 S. E. 57); *Cannon* v. *Gorham*, 136 *Ga.* 167 (4, 5), 170 (71 S. E. 142, Ann. Cas. 1912C, 29).

2. It appearing in the present case that the defendants are grantees in "certain security deeds" executed by the defendant in fi. fa., and under the allegations of the petition are not innocent purchasers for value, as contemplated by the Civil Code (1910), § 1145, the land is subject to the tax fi. fa.

3. The petition set out a cause of action and was not subject to the demurrer filed against it, and the court erred in dismissing it.

*Judgment reversed. All the Justices concur.*

No. 3770. DECEMBER 12, 1923. REHEARING DENIED DECEMBER 20, 1923.

Equitable petition. Before Judge Park. Morgan superior court. May 4, 1923.

*E. R. Lambert,* for plaintiff.

*Anderson & Wood* and *Williford & Duke,* for defendants.