## 35072. STATE OF GEORGIA *v.* ATLANTA PROVISION COMPANY *et al.*

DECIDED MAY 12, 1954.

148

*Eugene Cook, Attorney-General, Geo. E. Sims, Jr., John W. Wilcox, Jr., Assistant Attorneys-General,* for plaintiff in error.

*A. A. Baumstark, Smith & Franco, Troutman, Sams, Schroder & Lockerman, D. W. Rolader, M. L. Kahn, W. Harvey Armistead, Haas, Holland & Blackshear, Joseph F. Haas,* contra.

CARLISLE, J. ■ The motion to transfer to the Supreme Court the writ of error, as one involving questions in equity, is denied. The case originated as one in equity, seeking the appointment of a receiver, to which there is no objection, nor is there any complaint as to anything the receiver has done or failed to do. The sole question presented here is whether the State, in its claim of lien for sales taxes, was properly relegated to the position of an unsecured, or general, creditor in the distribution of money which will arise from the sale of the property under the receivership proceeding. *Refrigeration-Appliances* v. *Atlanta Provision Co.*, 210 *Ga.* 475 (80 S. E. 2d 683).

■ By the terms of the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, pp. 360-387; Code, Ann. Supp., § 92-3401a et seq.), "There is . . . levied and imposed, in addition to all other taxes of every kind now imposed by law, a privilege or license tax upon every person who engages in the business of selling tangible personal property at retail in this State." § 92-3402a. This tax, at the rate of three percent of the sale or purchase price is to be collected by the retail dealers from the purchaser or consumer. Code (Ann. Supp.) § 92-3414a. Any dealer who shall neglect, fail, or refuse to collect the tax imposed shall be liable for and pay the tax himself. § 92-3415a. Beginning on April 1, 1951, and for the purpose of ascertaining the amount of tax payable under the act, it was the duty of the dealers, on or before the last day of the month following the month in which the tax became effective, to make certain specified returns to the State Revenue Commissioner of their gross sales or purchases as the case might be. Code (Ann. Supp.) § 92-3424a. That section was, however, amended by the act of 1952 (Ga. L. 1952, pp. 334, 335), to provide that the returns are to be submitted on or before the twentieth day of the month following the month in which the tax shall become effective. Certain penalties are imposed for failure to make the required returns. Code (Ann. Supp.) § 92-3426a. By § 92-3433a, it is provided: "At the time of transmitting the required return to the Commissioner the dealer shall remit to him therewith the amount of tax due under the applicable provisions of this chapter and failure to so remit such tax shall cause said tax to become delinquent." The act of 1952 (Ga. L.

1952, pp. 334, 336) amending Code (Ann. Supp.) § 92-3434a, provides: "The tax imposed by this Chapter shall for each month become delinquent on the 20th day of each succeeding month. The State Revenue Commissioner is empowered and it shall be his duty when any tax becomes delinquent under this Act, to issue a fi. fa. for the collection of the tax, interest and penalty from each delinquent taxpayer."

When the provisions quoted above are considered in the light of the general law relating to liens for taxes, which existed at the time of the passage of the Georgia Retailers' and Consumers' Sales and Use Tax Act, it will be seen that a lien and its rank is provided for the State for sales and use taxes; that such lien attaches on the day on which the dealer is required to make his return and remittance to the State Revenue Commissioner; and such liens for taxes are declared to be superior to all other liens. Code §§ 92-5707, 92-5708, 67-1701; and see *Atlanta Trust Co.* v. *Atlanta Realty Corp.*, 177 *Ga.* 581 (170 S. E. 791), and citations.

Recording the fi. fa. issued by the State Revenue Commissioner on the general execution docket is not a condition precedent to the lien for sales taxes attaching; and the only effect of a failure to record the lien is that as against innocent purchasers the lien will be lost. *Thompson* v. *Adams,* 157 *Ga.* 42, 43 (120 S. E. 529).

Whatever may have been the trial court's reason for relegating Refrigeration-Appliances, Inc., the holder of the retention-of-title contract, to the position of a general creditor, there are no such circumstances apparent in this case which would authorize the trial court's relegating the State, under its claim of lien for taxes, to the position of a general creditor. The judgment, therefore, insofar as the State is concerned, must be reversed.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*