Edwin LEIPERT et al., Plaintiffs,

v.

R. C. WILLIAMS & COMPANY, Inc.,
et al., Defendant.

United States District Court
S. D. New York.

Nov. 15, 1957.

Angelo M. Torrisi, New York City, for plaintiffs.

Goldstein & Goldstein, Monticello, for defendant Sharpe.

Constantine Regusis, New York City, for defendant Phoenix Assur. Co. Ltd.

Paul W. Williams, U. S. Atty., Nicholas Tsoucalas, Asst. U. S. Atty., New York City, for defendant United States.

RYAN, District Judge.

Each of the plaintiffs on different dates from 1938 through 1948 purchased separate lots and bungalows at Smallwood, Sullivan County, New York, in a real estate development owned by A. N. Smallwood and Ruth Smallwood, and AN Smallwood Company and Smallwood, Inc., their successors in interest. Annexed hereto as Exhibit A is a statement conceded to be correct giving the dates on which each of the plaintiffs executed a contract of purchase, the name of the vendor, the price, the date of the delivery of the deed and that of the recording of it.

Plaintiffs filed this suit in the Supreme Court of the State of New York, Sullivan County, under Section 2410(a), 28 U.S. C.A. and Sec. 500, Art. 15, N.Y.Real Property Law, McKinney's Consol.Laws, c. 50, to quiet title to the realty they had purchased alleging that the United States claimed a tax lien upon the properties, that the People of the State of New York might have a claim or possible lien for unpaid taxes due from Smallwood, Inc. and that the other defendants claimed an interest in or lien upon the properties as judgment creditors of the vendors. The suit was removed to this Court upon petition filed by the United States under Secs. 1444 and 1446, 28 U.S.C.A. Annexed hereto as Exhibit B is a statement, conceded to be correct, giving the names of the judgment creditors and debtor, the amounts of their respective judgments and the date of the recording or docketing of the judgments. Annexed hereto is Exhibit C—a statement of assessed and unpaid taxes due the United States, the amount of assessment, including interest and penalty, the date of notice and demand for payment and the date of the receipt by the Collector of the assessment list.

We are asked to determine the rights of the defendants United States, Gertrude Sharpe, Phoenix Assurance Co., Ltd. and Sun Oil Company (all of whom appeared and answered) vis a vis the plaintiffs and of each of them as to the others. Defendants R. C. Williams &

Company, Inc., and Spaulding Bakeries, Inc., have not appeared; The State of New York has, but has asserted no claim.

Plaintiffs are admitted to be purchasers for value and to have been in actual possession of the respective parcels they had separately contracted to purchase from the date of the contract. No factual issue is presented on the motions now made under Rule 56, Fed.Rules Civ. Proc. 28 U.S.C.A., for summary judgment by plaintiffs and defendant United States and defendant judgment creditors.

Let us first consider the claim of the United States.

■■ The tax lien attached to all real property of the taxpayer including after acquired property. Section 3670, 26 U.S. C.A.; Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56. This lien attached on the dates the assessment lists were received by the Collector (Sec. 3671; Citizens State Bank v. Vidal, 10 Cir., 1940, 114 F.2d 380; [for these dates see Ex. C]). This lien had priority over all except mortgagees, pledgees, purchasers and judgment creditors, as to whom it was not valid until filing in the office of the Clerk of Sullivan County, New York (Sec. 3672). This filing was not done until November 28, 1949. The contracts of purchase of the various plaintiffs were executed at various dates from July 30, 1938 (Veser and another, Claim No. III comp.) to September 25, 1948 (Blessing, Claim No. XVII comp.). The assessment lists were received by the Collector from December 30, 1946, to December 27, 1948.

The United States by its answer and cross-claim asserts a valid and subsisting lien on only ten of the parcels in suit, those in Counts I through IX, and Count XIV of the complaint. It is to be noted that plaintiff owners of parcels in Counts X, XI, XII, XIII, XV, XVI, XVII & XVIII, as to which the Government does not now assert any lien, had recorded their deeds prior to November 28, 1949, the date of the docketing of its lien in the County Clerk's Office of Sullivan County.

The question is whether the plaintiffs (I–IX & XIV) were purchasers within the meaning of Sec. 3672 prior to the filing of the tax lien on November 28, 1949.

■ All the plaintiffs had signed contracts to purchase prior to that date; all had entered into possession and all had made installment payments on account of the price. Deeds had been delivered prior to November 28, 1949, to four of these—Nos. 3, 5, 6 and 9—and to the others after that date. For purposes of determining the validity of the Government's lien under Sec. 3672 the plaintiffs must be placed in two groups—those to whom deeds were not delivered until after the filing of the lien on November 28 (which includes plaintiffs in counts 1, 2, 4, 7, 8 and 14); and those to whom deeds had been delivered prior to that date—that is plaintiffs in counts 3, 5, 6 and 9. The first group were not purchasers within Section 3672, for they had not acquired title prior to the filing. United States v. Scovil, 348 U.S. 218, 221, 75 S.Ct. 244, 99 L.Ed. 271. Their contracts of purchase (one of which is annexed to the complaint) did not operate to convey title. This was an agreement by which the plaintiffs separately and individually agreed to purchase and the Smallwood as owner agreed to sell. It provided that "the relation between the parties shall be that of landlord and tenant," that in default of payments provided to be made the seller might, "enter upon the premises, take possession and remove property from said bungalow as for non-payment of rent," and "retain all instalments previously paid as and for compensation for the use of said property." It was also specifically provided that "this contract shall not be recorded and if recorded shall become ipso facto null and void," and that the plaintiff (buyer) would not "sell, transfer or dispose of said premises or incumber the same in any manner during the life of this contract and until the full price is paid hereunder."

■ The legal effect of the contracts, insofar as that bears upon the "relative priority of the lien of the United States

for unpaid taxes is \* \* \* always a federal question." United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 241, 99 L.Ed. 264. Absent delivery of deed the plaintiffs did not become purchasers within Section 3672. All the plaintiffs acquired a vendee's lien as of the time the contracts were executed, but that lien was not prior to that of the Government when filed.

■ The plaintiffs to whom a deed had been delivered prior to November 28, 1949, stand, however, in a different position. It is the Government's contention that as to these plaintiffs its tax lien is a valid and subsisting lien because the deeds were not recorded until after the filing of the Government's, and that in order for these plaintiffs to be afforded the protection of Sec. 3672 they must also be the grantees of recorded deeds. The short answer to this contention is that Section 3672 contains no such provision (Cf. R. F. Ball Construction Co. v. Jacobs, D.C., 140 F.Supp. 60, 65, affirmed United States v. R. F. Ball Const. Co., 5 Cir., 1956, 239 F.2d 384), and there is no need for any attempt at "judicial lawmaking" (New England Coal & Coke Co. v. Rutland R. Co., 2 Cir., 143 F.2d 179, 189); see also dissenting opinion of Clark, C. J., in Hollander v. United States, 2 Cir., 248 F.2d 247. Underwood v. United States, D.C., 37 F.Supp. 824, cited by the Government, is inapposite; there the decision was reached by application of local statute (Art. 6627 of the Revised Civil Statutes of Texas) which provided that the deed of trust in suit was *void* as to all creditors because it was not recorded. New York has no similar statute; under Sec. 291 of the Real Property Law only subsequent bona fide purchasers for value are protected against unrecorded deeds.

. I conclude that the Government's tax lien has priority over the deeds of plaintiffs in Counts 1, 2, 4, 7, 8 and 14 and has not priority over those of plaintiffs in Counts 3, 5, 6 and 9.

With respect to the defendant judgment creditors, the United States lien has priority only over the judgment of the defendant Sun Oil Company. However, since we shall hold that the plaintiffs' titles have priority over the judgment creditors' liens, this holding creates a situation which is of no comfort to plaintiffs. It is a strange and anomalous result arising from the difference in the applicable laws to the rights of the parties in this suit.

■■ This brings me to a consideration of the relative priority of the liens of the judgment creditors among themselves and as between the various plaintiffs. Here, we are to be guided solely by local law and even in the absence of diversity we have jurisdiction because of the necessity of adjudging these claims as incidental to a determination of the rights of the Government under its lien.

Section 510(1), N.Y. Civil Practice Act, provides that a judgment is a charge upon, for ten years after filing the judgment roll, the real property and chattels real of the judgment debtor.

The judgment of the defendant Gertrude Sharpe was docketed on September 30, 1949; that of Phoenix Assurance Co., Ltd., on August 18, 1949 and that of Sun Oil on January 3, 1951. Prior to the entry of any of these judgments the plaintiffs had signed their respective contracts to purchase and had entered into possession of the premises. Under the terms of the contracts they could not file or record them as provided for by New York law—Section 294, N.Y. Real Property Law, but their possession was constructive notice to all of their rights in the realty they occupied. Moyer v. Hinman, 17 Barb. 137, 13 N.Y. 180; Phelan v. Brady, 119 N.Y. 587, 23 N.E. 1109, 8 L.R.A. 211.

■■ The plaintiffs upon execution of the contracts and installment payments thereunder became vested with an equitable interest in the realty (Elterman v. Hyman, 192 N.Y. 113, 84 N.E. 937) and the vendor's title was burdened with that interest which attached to the

realty as a lien. The judgment creditors were not possessed of the rights of purchasers "in good faith" within Section 291 of the Real Property Law and the failure of plaintiffs to file or record their contracts would not, even absent possession, operate to affect their liens so as to render them subordinate to judgments subsequently docketed.

But the judgment creditors urge that in any event the liens of the plaintiffs should be held prior only to the extent of payments actually made under their contracts before the docketing of the judgments. They maintain that with the docketing of the judgments the plaintiffs were on constructive notice of the claims of the creditors and further payments made did not enjoy the protection given to those payments made prior to such notice. New York law is to the contrary, for

"Payments by the vendee, pursuant to an executory contract, are not to be considered as a fresh dealing with the vendor respecting the land, but are to be referred to the original contract." Trustees of Union College v. Wheeler, 61 N.Y. 88, 108–109. In that case it was held that a ruling that would make it necessary on each payment made by a person holding under a contract to examine the record to see whether any transfers had in the meantime taken place would be "to the last degree inconvenient" and "unsound in principle."

I conclude that under New York law the judgments are not liens on the realty in suit and should be so declared.

Motions are disposed of as indicated herein; let appropriate judgment be settled on notice providing no costs to any of the parties.

NT:mr
5467

### Exhibit A–I

| Cause of Action and Plaintiff | Contracting Vendor | Date of Contract | Purchase Price | Delivery Date of Deed | Recording Date of Deed |
|---|---|---|---|---|---|
| I Edwin Leipert | Smallwood, Inc. | 7-29-46 | $4500.00 | 8-30-50 | 8-14-51 |
| II Tullio Del Gatto & Ano. | Smallwood, Inc. | 8-27-46 | 5999.90 | 2-9-50 | 3-27-50 |
| III Marguerite Veser & Ano. | Ruth Smallwood and A. N. Smallwood | 7-30-38 | 600.00 | 12-10-46 | 11-14-51 |
| IV Harold Blow & Ano. | Smallwood, Inc. | 5-26-46 | 4313.50 | 8-30-50 | 1-13-51 |
| V Edward F. Nedell & Ano. | A. N. Smallwood & Company | 7-18-40 | 320.00 | 3-12-48 | 12-6-50 |
| VI Edmund F. Marnane & Ano. | A. N. Smallwood & Company | 3-6-40 | 450.00 | 2-2-48 | 8-28-50 |
| VII Gordon S. Torode & Ano. | Smallwood, Inc. | 4-15-46 | 4395.00 | 1-9-50 | 5-15-50 |
| VIII Emil Behrmann & Ano. | A. N. Smallwood & Co., Inc. | 5-3-45 | 600.00 | 12-1-49 | 2-20-50 |
| IX Constance M. Cominique | Smallwood, Inc. | 9-15-48 | 600.00 | 7-6-49 | 12-23-49 |

360

NT:mr
5467

### Exhibit A–2

| Cause of Action and Plaintiff | Contracting Vendor | Date of Contract | Purchase Price | Delivery Date of Deed | Recording Date of Deed |
|---|---|---|---|---|---|
| X Clarence N. Severn & Ano. | A. N. Smallwood & Company | 5–17–37 | 800.00 | | |
| Clarence N. Severn & Ano. | Smallwood, Inc. | 9–15–48 | 375.00 | 8–19–49 | 10–13–49 |
| XI William H. Bouchard & Ano. | A. N. Smallwood & Company | 6–30–45 | 4433.70 | 9–23–49 | 9–24–49 |
| XII Myrtle C. Willard & Ano. | Smallwood, Inc. | 6–11–46 | 800.00 | 9–23–49 | 10–5–49 |
| XIII Edward Marschner | Smallwood, Inc. | 9–10–48 | 100.00 | 9–10–48 | 10–4–49 |
| XIV Robert Reginald Lengyel & Ano. | Smallwood, Inc. | 5–19–46 | 3533.50 | 2–13–50 | 4–4–50 |
| XVI George A. Hutchinson & Ano. | Smallwood, Inc. | 7–1–47 | 750.00 | 9–19–49 | 10–10–49 |
| XVII Jane E. Blessing | Smallwood, Inc. | 9–25–48 | 600.00 | 7–22–49 | 8–5–49 |
| XVIII Caroline L. Ballard | Smallwood, Inc. | 5–13–46 | 350.00 | 9–23–49 | 10–29–49 |

NT:mr
5467

### Exhibit B

#### Schedule of Judgment Filed By Defendants

| Judgment Creditor | Judgment Debtor | Amount | Date of Recording of Judgment |
|---|---|---|---|
| R. C. Williams & Company, Inc. | Smallwood, Inc. | $ 540.55 | 6–30–49 |
| Phoenix Assurance Co., Ltd. | Smallwood, Inc. | 79.93 | 8–18–49 |
| Gertrude Sharpe | Smallwood, Inc. | 731.03 | 9–30–49 |
| Spaulding Bakeries Incorporated | Smallwood, Inc. | 1518.20 | 11–1–49 |
| United States of America | Smallwood, Inc. | 5612.10 | 11–28–49 |
| Sun Oil Company, Inc. | Smallwood, Inc. | 117.82 | 1–3–51 |

## Exhibit C–1

| | Nature of Tax | Year or Taxable Period | Date Assessment List Received By Collector 3rd District New York | Notice and Demand for Payment Date of | Amount of Assessment Interest and Penalty |
|---|---|---|---|---|---|
| | Withholding | 9–30–46 | 12–30–46 | 12–30–46 | T. $ 197.42 |
| 1st Qr. 1947 | Withholding | 3–31–47 | 6–16–47 | 6–16–47 | T. 215.80 |
| | | | | | I. 1.08 |
| 4th Qr. 1947 | " | 12–31–47 | 3–29–48 | 4–8–48 | T. 1,203.13 |
| | | | | | I. 9.02 |
| 1st Qr. 1948 | " | 3–31–48 | 6–22–48 | 7–2–48 | T. 700.00 |
| 2nd Qr. 1948 | " | 6–30–48 | 9–23–48 | 10–4–48 | T. 935.05 |
| | | | | | I. 7.00 |
| 3rd Qr. 1948 | " | 9–30–48 | 12–27–48 | 1–14–49 | T. 926.39 |
| | | | | | I. 10.66 |
| FUTA | Federal Unemployment | 1946 | 4–4–47 | 4–9–47 | T. 183.52 |
| | | | | | I. 1.84 |
| 4th Qr. 1946 | FICA Federal Insurance Contribution | 12–31–46 | 4–4–47 | 4–9–47 | PAID T. 90.68 I. .91 |
| | FICA | 3–31–47 | 6–18–47 | 6–30–47 | PAID T. 61.96 |
| 3rd Qr. 1947 | FICA | 6–30–47 | 12–19–47 Supplemental | 1–5–48 | T. 287.21 |
| 1st Qr. 1948 | FICA | 3–31–48 | 6–30–48 | 7–7–48 | T. 150.00 |
| 2nd Qr. 1948 | FICA | 6–30–48 | 9–2–48 | 1–14–49 | T. 254.53 |

## Exhibit C–2

| | | Year or Taxable Period | Date Assessment List Received | Notice and Demand | Amount |
|---|---|---|---|---|---|
| 3rd Qr. 1948 | | 9–30–48 | 12–21–48 | 12–30–48 | T. 373.58 |
| | | | | | I. 2.82 |
| | | | | Total | $5,612.10 |

161 F.Supp.—23½