In re J. Andrew TUGGLE, Jr. a/k/a J. A. Tuggle, Jr., Debtor.

J. Andrew TUGGLE, Jr. a/k/a J. A. Tuggle, Jr., Plaintiff,

v.

INTERNAL REVENUE SERVICE, State of Georgia, DeKalb County, Georgia, Julia Goza, Bank of the South, Zachary & Seagraves, P.A., Robert K. Broome, Cotton States Insurance Co., J. L. Morgan, Charles M. Randall, Gwinnett Electric Supply Co., Tri-State Culvert, Kyle, Inc., Fawcett Contracting, Inc., Defendants.

Bankruptcy No. 81–02272A.
Adv. No. 81–1379A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Aug. 16, 1982.

Kenneth W. Carpenter, Decatur, Ga., for plaintiff.

Frank L. Wilson, III, Atlanta, Ga., for Julia H. Goza.

John V. Burch, Atlanta, Ga., for Cotton States Ins. Co.

Warren R. Calvert, Atlanta, Ga., for State of Georgia by and through W. E. Strickland as State Revenue Comr.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's application to establish priority and amount of claims of secured creditors. On June 1, 1981, the debtor filed its voluntary Chapter 11 petition in bankruptcy. Subsequent to the filing of that petition, the debtor received permission from this Court to sell free and clear of liens five acres of land at 2080 Briarcliff Road, Atlanta, Georgia 30329. On September 28, 1981, the debtor sold 2.8 acres of this land for $265,-000.00. The debtor has brought this action to determine the priority among creditors to this fund.

A survey of applicable law is necessary to determine the priority of interests among security deeds, materialmen's liens, judgment liens, and state and federal tax liens. The primary basis, though subject to modification, for establishing such priorities is the principle of law that "the first in time is the first in right." *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). In determining the priority between state/local and federal tax liens in *New Britain*, the Supreme Court applied that principle of law.

Under Georgia law, some rules of priority can be found in the *Uniform Commercial Code* provisions of the *Georgia Code*. *Ga. Code* §§ 109A–9–310(b) and (c) provide that:

"(b) a lien for property taxes duly assessed upon the subject collateral, either prior or subsequent to the perfection of the subject security interest, takes priority over security interest,

(c) a lien for all other state taxes takes priority over such security interest, except where such security interest is perfected by filing a financing statement relative thereto prior to such time as the execution for such State taxes shall be entered on the execution docket in the place and in the manner provided by law; provided nevertheless that, with respect to priority rights between such tax liens and security interests where under this Article the same are perfected other than by filing a financing statement, the same shall be determined as provided by law prior to the effective date of this act,"

Thus, Georgia law applies the rule used by the Supreme Court in *City of New Britain, supra*, concerning all state taxes except property taxes.

■ Georgia law also subordinates recorded specific or occupation tax liens to prior recorded security deeds. *Ga. Code* § 91A–252(e) provides that:

"The lien of a specific or occupation tax shall not be superior to the title and operation of a security deed title recorded prior to the time the execution for the tax has been entered on the General Execution Docket in the office of the Clerk of the Superior Court of the county in which the property affected is located."

This makes it clear that in order for a tax lien, which is not an ad valorem tax lien concerning the property subject to the specific security deed, (See *Ga. Code* § 91A–252(d)) to defeat a security deed, it must be recorded prior to that security deed. However, failure to issue and record a Fi.Fa. does not relegate the state to the position of a general creditor. *State of Georgia v. Atlanta Provision Company*, 90 Ga.App. 147, 82 S.E.2d 145 (1954). In *Atlanta Provision Company*, the Georgia Court of Appeals found that a lien for sales taxes attaches on the date the taxes become due and that failure to record a Fi.Fa. is not a condition precedent to the lien for these taxes attaching. *Id.* at 150, 82 S.E.2d 145.

■ The priority between tax liens and judgment liens must be determined by *Ga. Code* §§ 91A–252(a) and (b) which provide that:

"(a) Except as otherwise provided in this section, liens for all taxes due the state or any county or municipality in the state shall cover the property of taxpayers liable to taxes, from the time fixed by law for valuation of property in each year until such taxes are paid, and the property of tax collectors or tax commissioners and their sureties from the time of giving bond until all the taxes for which they

are responsible are paid. Liens for taxes are superior to all other liens and shall rank among themselves as follows:

(1) First, taxes due the state;

(2) Second, taxes due counties of the state;

(3) Third, taxes due school or other special tax districts of the state; and

(4) Fourth, taxes due to municipal corporations of the state.

(b) The lien for taxes imposed by the provisions of Chapter 91A–50 shall not have priority as against any bona fide mortgagee, holder, or transferee of a deed to secure debt, pledgee, judgment creditor, or purchaser of or from persons liable for tax imposed by Chapter 91A–50, where the rights of such mortgagee, holder, or transferee of a deed to secure debt, pledgee, judgment creditor, or purchaser have attached prior to the time of the notice of the lien has been filed by the commissioner in the office of the Superior Court of the county in which the principal place of business or in the county where property of such person liable for payment of the motor fuel tax is located."

Thus, it is clear that when liens for taxes other than ad valorem taxes attach to the property of the taxpayer, they are superior to all other liens filed thereafter but not those recorded prior in time. A tax lien will have priority over judgment liens where notice of the tax lien is filed prior to the attachment of the rights of a judgment creditor.

██ Federal law must be used to determine the position of a federal tax lien. 26 U.S.C. § 6323 provides that:

"(a) purchasers, holders of security interests, mechanics lienors, and judgment lien creditors.—The lien imposed by § 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the secretary or his delegate."

Thus, it is clear that a federal tax lien must be recorded in order to have priority. This rule is expressed in the case of *Leipert v. R. C. Williams & Company*, 161 F.Supp. 355 (D.C.S.D.N.Y.1957). The District Court in that case found that a federal tax lien was superior to the interests of mortgagees, pledgees, purchasers, and judgment creditors only when it was recorded and filed prior in time. *Id.* at 357. This rule was modified in 1975 in *First National Bank of Cartersville v. Hill*, 406 F.Supp. 351 (D.C.N.D.Ga.1975). The Court therein held that in order to defeat a federal tax lien, the identity of the lienor, property subject to liens, and the amount of the lien must be established. *Id.* at 353.

██ Finally, the Court notes that the state tax liens in this case are either for personal income taxes or for withholding taxes for the debtor's business. Thus, the priority of these liens is determined by time of their attachment and recording and they do not receive the superpriority of certain ad valorem taxes.

Applying the above-stated law, this Court finds that the following is the correct priority of the deeds, liens, and judgments in question.

1. Security deed from J. Andrew Tuggle to Julia H. Goza, dated August 19, 1974, filed and recorded August 21, 1974, in the original principal amount of $129,479.50, recorded in Deed Book 3228, Page 45, DeKalb County, Georgia records.

2. Judgment *J. L. Morgan, Jr. v. J. L. Tuggle Construction Company, Inc.* and J. Andrew Tuggle, Jr., recorded December 15, 1977 in the amount of $13,544.00 at General Execution Docket Book 183, Page 45.

3. Security deed from J. Andrew Tuggle, Jr. to Cotton States Mutual Insurance Company, recorded on April 27, 1978 in the amount of $126,000.00 at Deed Book 3788, Page 453, DeKalb County, Georgia records.

4. Judgment *Charles M. Randall v. J. Andrew Tuggle* and Nick C. Routsos, recorded on August 29, 1978 in the amount of $4,054.50 at General Execution Docket Book 218, Page 150.

5. Judgment *State of Georgia v. J. Andrew Tuggle, Jr.*, recorded December 1,

1978 in the amount of $2,686.87, recorded in the General Execution Docket Book 269, Page 141.

6. Security deed from J. Andrew Tuggle, Jr. to Zachary & Seagraves, P. A., and Robert K. Broome, recorded December 12, 1978 in the amount of $15,000.00 at Deed Book 3948, Page 321, DeKalb County, Georgia records.

7. Federal tax lien from J. A. Tuggle, Jr. to the United States of America, recorded December 20, 1978 in the amount of $20,572.20.

8. Security deed from J. Andrew Tuggle, Jr. to Fulton National Bank of Atlanta recorded April 25, 1979 in the amount of $23,668.63 at Deed Book 4027, Page 460, DeKalb County, Georgia records.

9. Materialman's lien J. Andrew Tuggle, Jr. to A.R.C. Kyle recorded December 28, 1979 in the amount of $7,797.59 at Deed Book 4916, Page 250, DeKalb County, Georgia records. Said lien was reduced to judgment and recorded February 19, 1981 in the amount of $7,817.59 at General Execution Docket Book 311, Page 113.

10. Judgment *State of Georgia v. J. Andrew Tuggle, Jr.* recorded January 4, 1980 in the amount of $2,464.08 at General Execution Docket Book 269, Page 141.

11. Materialman's lien J. Andrew Tuggle, Jr. to Tri-State Culvert Manufacturing, Inc. recorded April 7, 1980 in the amount of $4,774.86 at Deed Book 4248, Page 161, DeKalb County, Georgia records, and amended March 21, 1980 at Deed Book 4238, Page 316. Said lien was reduced to judgment and recorded July 31, 1980 in the amount of $4,934.13 at General Execution Docket Book 299, Page 361.

12. 1979 Georgia state income tax return filed January 26, 1981 in the amount of $753.00.

13. 1980 Georgia state income tax return, filed April 17, 1981 in the amount of $718.00.

14. Judgment Gwinnett Electric Supply Company v. Andrew Tuggle, Jr. recorded April 29, 1981 in the amount of $629.61 at General Execution Docket Book 334, Page 135.

15. Materialman's lien J. Andrew Tuggle, Jr. to Fawcett Contracting, Inc., recorded May 4, 1981 in the amount of $38,078.20.

16. Additional 1978 Georgia state income tax, assessed May 29, 1981 in the amount of $107.31.

This Court finds that the above is the correct order of priorities of the foregoing encumbrances and orders that the proceeds from the sale of the land at 2080 Briarcliff Road, Atlanta, Georgia 30329, be distributed accordingly.

IT IS SO ORDERED.