**In re J. Andrew TUGGLE, Jr. a/k/a J.A. Tuggle, Jr., Debtor.**

**J. Andrew TUGGLE, Jr. a/k/a J.A. Tuggle, Jr., Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, State of Georgia, DeKalb County, Georgia, Julia Goza, Bank of the South, Zachary & Seagraves, P.A., Robert K. Broome, Cotton States Insurance Co., J.L. Morgan, Charles M. Randall, Gwinnett Electric Supply Co., Tri-State Culvert, Kyle, Inc., Fawcett Contracting, Inc., Defendants.**

**Bankruptcy No. 81–02272A.**
**Adv. No. 81–1379A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 15, 1983.

Kenneth W. Carpenter, Decatur, Ga., for plaintiff.

Frank L. Wilson, III, Atlanta, Ga., for Julia H. Goza.

John V. Burch, Atlanta, Ga., for Cotton States Ins. Co.

Warren R. Calvert, Atlanta, Ga., for State of Ga. by and through W.E. Strickland as State Revenue Com'r.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On June 1, 1981, the debtor filed his voluntary Chapter 11 petition in bankruptcy. Subsequently, the debtor received permission to sell certain property free and clear of liens and on September 28, 1981,

the debtor sold 2.8 acres of this land for $265,000.00. Thereafter, the Court issued an Order on August 16, 1982, establishing the priority among creditors to the fund created by the sale of the subject property. (See *In re Tuggle,* 22 B.R. 439 (Bkrtcy.N.D. Ga.1982).) This Order was appealed and was affirmed by the United States District Court for the Northern District of Georgia on March 16, 1983 in *State of Georgia Department of Revenue v. J. Andrew Tuggle, Jr., et al.,* C82–2544A (N.D.Ga., March 16, 1983). Presently, this case is scheduled for a hearing on approval of the debtor's disclosure statement. The debtor's plan contemplates a distribution of the remainder of the fund arising out of the sale which was the subject of the August 16, 1982 Order.

The August 16, 1982 Order addressed the question of the priority of interests among a series of security deeds, materialman's liens, judgment liens, and state and federal tax liens to the proceeds of the September 28, 1981 sale. In addressing Ga.Code §§ 91A–252(a) and (b), the Court stated that:

> "Thus, it is clear that when liens for taxes other than ad valorem taxes attach to the property of the taxpayer, they are superior to all other liens filed thereafter but not those recorded prior in time. A tax lien would have priority over judgment liens where notice of the tax lien is filed prior to the attachment of the rights of a judgment creditor." *In re Tuggle,* 22 B.R. at 441.

The above statement is incorrect and should be limited to apply only to liens for taxes imposed under the provisions of Chapter 91A–50 (Official Code of Georgia § 48–9–1) of the laws of the State of Georgia, which chapter is concerned with motor fuel taxes. As stated in Ga.Code § 91A–252(a) (Official Code of Georgia § 48–2–56(a)), all liens for taxes due the state or any county or municipality in the state are superior to all other liens. Accordingly, the priority of liens for taxes, other than real property ad valorem taxes, does not depend on when or if those

liens are filed since tax liens are superior to all other liens against property.

■ Ga.Code § 91A–1023 (Official Code of Georgia § 48–5–28) states that:

> "(a) Taxes shall be paid before any other debt, lien, or claim of any kind....
>
> (b) The title and operation of a security deed shall be superior to the taxes assessed against the owner of property when the tax represents an assessment upon property of the owner other than that property specifically subject to the title and operation of the security deed."

This section of the Ga.Code indicates that real property ad valorem taxes have priority over a deed to secure debt on that real property. However, where the tax assessed is not assessed on the property which is the subject of the security deed, the security deed is superior to those taxes. In the instant case, because none of the state taxes at issue are ad valorem taxes on the subject property, security deeds concerning said property take priority over said tax liens.[1]

The Court is presented with an interesting problem arising out of this amendment of the August 16, 1982 Order. As stated in that Order and above, the following priority between interests exists: Georgia state tax liens are superior to liens of judgment creditors; liens of judgment creditors are superior to later filed security deeds; and security deeds are superior to state tax liens if said taxes are not assessed against the property which is the subject of the security deed. Also injected into this circular priority problem is a federal tax lien issue. Federal tax liens have priority over later assessed state tax liens, but they are subordinate to prior filed liens of judgment creditors.

The problem presented by circular priorities was addressed in the case of *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). In that case, as in the case *sub judice,* the Court was presented with liens for state taxes, mortgages, judgment creditors, and a federal tax lien. In *New Britain,* as in the instant case,

---

1. These taxes are state withholding taxes and state income taxes.

certain governmental liens were given priority over all other liens, subject to certain exceptions, while federal law called for the payment of federal tax liens on a first in time theory. See the August 16, 1982 Order. The Supreme Court determined in *New Britain* that where a circular priority problem contained a federal tax lien issue, priorities should be established based on the ranking of the federal tax lien. The practical application of the decision in *New Britain* will result in a determination of what liens will be paid prior to a federal tax lien under federal law. A fund equal to that amount is to be set aside and distributed pursuant to priorities established under state law. However, this does not answer the question of how to resolve circular priorities presented where only Georgia state law is at issue, and this becomes the preeminent question in the instant case since the amount of the interests that are superior to that of the United States of America exceed the $265,000.00 in proceeds from the sale of the subject property.[2] The question before the Court therefore becomes how to handle circular priorities under Georgia state law.

The Court has been presented with no cases which clearly establish how to treat circular priorities under Georgia law. The State of Georgia has offered the suggestion that judgment lien holders proceed against subordinate security deed holders where appropriate. While the State of Georgia's recommendation has merit, its weakness, as recognized by the State, is that later assessed tax claims could recover from the recovery of the judgment lien holders, and security deed holders could recover from these non-ad valorem tax claim recoveries, *ad infinitum.* The Court would be avoiding its responsibility if it failed to determine a scheme for treatment of the circular priority problem and forced the claimants to relitigate this case in a new forum.

There is a clear policy present in Georgia law, reflected throughout this Order, that

liens for state tax claims have priority over all other liens against property. An exception to this policy exists where there is a security deed held concerning certain real property where the taxes at issue are not ad valorem taxes against that specific parcel of property. The fact that judgment liens recorded prior to the recordation of a security deed are superior to said security deed is not reflected in any of the statutes setting forth the priority of liens for state taxes. Therefore, the Court will assign priorities in the instant case based on what it finds is the clear policy of the State of Georgia concerning priority of liens for state taxes.

■  Priorities in the instant case shall be established according to the following rules: (1) liens for taxes shall be paid prior to all other liens against property; (2) security deeds shall be paid prior to liens for state taxes where, as in the instant case, said tax liens are not for ad valorem taxes against the property which is the subject of the security deeds at issue; and (3) judgment lien holders shall be subordinated to the preceding claims.

In accordance with the above reasoning, the Court finds that the following is the correct priority of the deeds, liens, and judgments at issue in the instant case:

1. Security deed in favor of Julia H. Goza filed August 21, 1974 in the original principal amount of $129,479.50.

2. Security deed in favor of Cotton States Mutual Insurance Company recorded April 27, 1978, in the amount of $126,000.00.

3. Judgment for the State of Georgia recorded December 1, 1978, assessed on September 17, 1978, in the amount of $2,686.87.

4. Security deed in favor of Zachary & Seagraves, P.A., and Robert K. Broome, recorded December 12, 1978, in the amount of $15,000.00.

5. Federal tax lien recorded December 20, 1978, in the amount of $20,572.20.

**2.** Priority of interests under the first in time, first in right, analysis of federal law is set forth

in the August 16, 1982 Order.

6. Security deed in favor of Fulton National Bank of Atlanta recorded April 25, 1979 in the amount of $23,668.63.

7. Judgment for the State of Georgia for withholding taxes with respect to which a Fi.Fa. was recorded on January 4, 1980, in the amount of $2,464.08.

8. 1978 Georgia state income taxes assessed May 29, 1981.

9. 1979 Georgia state income taxes in the amount of $753.00.

10. 1980 Georgia state income taxes in the amount of $718.00.

11. Judgment in favor of J.L. Morgan, Jr. recorded December 15, 1977 in the amount of $13,544.00.

12. Judgment in favor of Charles M. Randall recorded on August 29, 1978 in the amount of $4,054.50.

13. Materialman's lien in favor of A.R.C. Kyle recorded December 28, 1979, reduced to judgment on February 19, 1981 in the amount of $7,817.59.

14. Materialman's lien in favor of Tri-State Culvert Manufacturing, Inc. recorded April 7, 1980 and reduced to judgment on July 31, 1980 in the amount of $4,934.13.

15. Judgment in favor of Gwinnett Electric Supply Company recorded April 29, 1981 in the amount of $629.61.

16. Materialman's lien in favor of Faucett Contracting, Inc. recorded May 4, 1981 in the amount of $38,078.20.

The Court hereby amends the August 16, 1982 Order under the authority of 11 U.S.C. § 105 to reflect the above discussion and determination of priorities.

IT IS SO ORDERED.