**In the Matter of FULTON AIR SERVICE, INC., Debtor,**

**Benjamin C. ABNEY, Trustee For Fulton Air Service, Inc., Plaintiff,**

**v.**

**COX ENTERPRISES, INC., Chevron USA Incorporated, the State of Georgia, the United States of America, Fulton County, Georgia, Barclay's American Leasing, Inc., John P. Hunter, Jr. and Diesel Machinery International Corporation, Defendants.**

**Bankruptcy No. 82–04381A.**
**Adv. No. 83–0906A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 18, 1984.

Mark A. Kelley, Carr, Abney & Tabb, Atlanta, Ga., for plaintiff.

R. Scott Tobin, Atlanta, Ga., for State of Ga.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The Trustee for Fulton Air Service, Inc., filed the above-styled adversary complaint seeking a declaratory judgment regarding which of the Defendants have valid liens against the proceeds from the sale of the Debtor's lease of space at Fulton County Charlie Brown Airport. The matter is presently before the Court on the Trustee's and the State of Georgia's cross-motions for summary judgment.

### A. Default Judgments

The Trustee seeks default judgments against the following Defendants: Cox Enterprises, Inc.; Chevron USA Incorporated; Fulton County, Georgia; Barclay's American Leasing, Inc.; and John P. Hunter. These Defendants have failed to file answers after being properly served with the Trustee's complaint. In addition, the Defendants failed to respond to the following request for admission: "You have no valid claim to the fund described in the Complaint."

■ All of the above Defendants have been served with the Trustee's motion, and none of the Defendants have filed a response. Therefore, under Local Rule 91.2, the Trustee's motion is unopposed.

Thus, default judgments should be entered pursuant to Bankruptcy Rule 7055 against the following Defendants: Cox Enterprises, Inc.; Chevron USA Incorporated; Fulton County, Georgia; Barclay's American Leasing, Inc.; and John P. Hunter.

### B. Defendant United States of America

The United States of America has filed an answer to the Trustee's complaint stating that it does not assert any federal tax lien against the proceeds in question. It has requested that it be dismissed as a party to the instant adversary complaint. The Court finds that this request should be granted.

### C. Defendant State of Georgia

As was stated above, the instant adversary complaint is before the Court on cross-motions for summary judgment filed by the Trustee and the State of Georgia [hereinafter "Georgia"]. The facts are not in dispute and can be summarized as follows.

The Debtor is indebted to Georgia for unpaid sales and use taxes for the taxable periods February 1, 1978 through September 30, 1982, in the principal amount of $81,244.01, plus penalty and interest, and for unpaid withholding taxes for the taxable period October 1, 1981 through September 30, 1982, in the principal amount of $6,704.87, plus penalty and interest. Georgia's "Statement of Material Facts as to which there is no Dispute" at 2. Of this amount, $79,051.42, representing sales taxes for the period from February 1, 1978 through July 31, 1982, and $6,247.57, representing withholding taxes for the period from October 1, 1981 through August 31, 1982, was due and payable prior to the date the Debtor filed its petition for bankruptcy [*September 16, 1982*]. *Id.*

Subsequent thereto, Georgia recorded its tax fi fa in the Fulton County, Georgia General Execution Docket on *January 19, 1983.*

■ The Trustee contends that he has the status of a bona fide purchaser pursuant to 11 U.S.C. 544(a)(3),[1] and with such status may avoid Georgia's tax lien.[2] Georgia contends that even a bona fide purchaser cannot avoid unrecorded tax liens. Thus, the issue before the Court is: In Georgia, may a bona fide purchaser avoid tax liens on property which attached prior to his purchase of that property but were recorded subsequent thereto?

Georgia relies on O.C.G.A. § 48–2–56[3] which provides that

(a) Except as otherwise provided in this Code section, liens for all taxes due the state or any county or municipality in the state shall cover the proper-

ty of taxpayers liable to tax from the time fixed by law for valuation of the property in each year until such taxes are paid . . .

In other words, liens for taxes arise on the date those taxes become due and payable. Georgia argues that "it is the long-established rule in Georgia that liens for state, county, and municipal taxes follow property into the hands of bona fide purchasers, regardless of whether a tax fi fa is recorded prior to the property's purchase." Georgia's Brief at 2. For support of this proposition, it relies upon the cases of *Freeman v. Mayor of Atlanta,* 66 Ga. 617 (1881); *Carroll v. Richards,* 50 Ga.App. 272, 178 S.E. 178 (1934); and *LaGrange Grocery Co. v. City of LaGrange,* 31 Ga.App. 97, 119 S.E. 536 (1923). The Court finds these cases are distinguishable from the case *sub judice* in that they dealt with sheriffs' sales. As a sheriff's sale is not part of the instant case, those cases cited by Georgia are not controlling.

■ The Trustee relies upon the case of *Georgia v. Atlanta Provision Co.,* 90 Ga. App. 147, 82 S.E.2d 145 (1954) in which the Georgia Court of Appeals stated that

[r]ecording the fi. fa. issued by the State Revenue Commissioner on the general execution docket is not a condition precedent to the lien for sales taxes attaching; and *the only effect of a failure to record the lien is that as against innocent purchasers the lien will be lost. Thompson v. Adams,* 157 Ga. 42, 42 [120 S.E. 529].

*Id.* at 150, 82 S.E.2d 145 (emphasis added). Georgia contends that the above constitutes dictum and, thus, should not be followed by this Court. Georgia's Brief at 3. This

---

1. Section 544(a)(3) provides that

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at

the time of the commencement of the case, whether or not such a purchaser exists.

2. It is clear that the Trustee's rights as a bona fide purchaser under § 544 are to be determined under state law. *See, McDaniel v. Am. Druggists' Ins. Co. (In re Nat'l Buy Rite, Inc.),* 6 B.R. 102 (Bkrtcy.N.D.Ga.1980).

3. O.C.G.A. § 48–2–56 was amended effective July 1, 1983. The amendment, however, is inapplicable to tax liens arising before July 1, 1983.

Court agrees that the above is dictum, but finds that it should still be followed. Where a state court has given no other indication of how it would decide an issue, a federal court is bound to follow the dictum. *Mooney Aircraft, Inc. v. Donnelly,* 402 F.2d 400 (5th Cir.1968); *Doucet v. Middleton,* 328 F.2d 97 (5th Cir.1964).

In addition to the above indication from the Georgia Court of Appeals, this Court feels compelled to hold in favor of the Trustee for policy reasons. A system which would allow an unrecorded tax lien to follow the property into the hands of a bona fide purchaser is one in which the freedom of alienation of property is heavily burdened. In balancing the burden placed upon a bona fide purchaser whose property is affected by such a tax lien with the burden which would be placed upon the State of Georgia with the requirement that it record its tax liens, the Court finds that the former far outweighs the latter. The requirement that Georgia record its tax liens is hardly a burdensome one and is, in the Court's opinion, the only equitable resolution of the problem.

Therefore, the Court finds that the Trustee's motion for summary judgment should be granted.

## ORDER

In accordance with the reasoning above, it is the order of the Court that the Trustee's Motion for Summary Judgment be, and the same is, Granted.

It is further ordered that the State of Georgia's Motion for Summary Judgment be, and the same is, hereby Denied.

It is further ordered that default judgments be entered against the following Defendants: Cox Enterprises, Inc.; Chevron USA Incorporated; Fulton County, Georgia; Barclay's American Leasing, Inc.; and John P. Hunter.

It is further ordered that the United States of America is hereby dismissed as a party to the above-styled adversary complaint.