PER CURIAM:
 

 After oral argument, it appears that this case involved a question of Georgia law which is determinative of the cause, but unanswered by controlling precedent of the Supreme Court of Georgia or any other Georgia appellate court. Therefore, we certified the question for resolution by the Supreme Court of Georgia pursuant to the certification provision of the Ga.Const. art. 6, § 6, ¶ 4, Ga.Code Ann. § 15-2-9, and Rule 37 of the Supreme Court of Georgia.
 

 The sole issue presented in this bankruptcy appeal concerned the power of the bankruptcy trustee as a hypothetical bona fide purchaser to avoid unrecorded state tax liens. The district court granted the trustee a declaratory judgment in favor of his power to avoid the liens and entered summary judgment against the state of Georgia.
 

 The Supreme Court of Georgia responded to the certification in an opinion confirming the correctness of the district court’s order.
 
 In the Matter of Fulton Air Service, et al.,
 
 254 Ga. 649, 333 S.E.2d 581 (1985). The opinion of the Supreme Court of Georgia contains a complete treatment of the relevant facts and legal issues. Therefore, we publish in its entirety the opinion of the Supreme Court of Georgia.
 
 **
 
 The district court judgment is AFFIRMED.
 

 APPENDIX
 

 This case arises out of a question certified to us by the United States Court of Appeals for the Eleventh Circuit, pursuant to Rule 37 of this court.
 

 Fulton Air Service (the debtor) is indebted to the State of Georgia for unpaid sales and use taxes for the taxable periods February 1, 1978, through September 30, 1982, in the principal amount of $81,244.01 plus penalty and interest, and for unpaid withholding taxes for the taxable period October 1,1981, through September 30, 1982, in the principal amount of $6,704.87, plus penalty and interest.
 

 On September 16,1982, the debtor filed a petition for bankruptcy.
 
 [1]
 
 Thereafter, the trustee in bankruptcy for the debtor (trustee) sold the debtor’s lease at Charlie Brown Airport.
 
 [2]
 
 The State recorded its tax
 
 fieri facias
 
 on the Fulton County general execution docket on January 19, 1983. The trustee then filed a petition for declaratory judgment to determine which of a number of named defendants, including the State, had valid liens against the proceeds of this sale.
 

 At trial the trustee claimed that he has the status of a bona fide purchaser pursuant to 11 U.S.C.A. § 544(a)(3), and may, therefore, avoid the State’s unrecorded tax lien. The State contends that even a bona fide purchaser for value is subject to its unrecorded tax liens. Relying on
 
 Georgia v. Atlanta Provision Co.,
 
 90 Ga.App. 147, 82 S.E.2d 145 (1954), the bankruptcy court granted summary judgment to the trustee. The State appealed to the Eleventh Circuit which certified the following question to this court, “May a trustee in bankruptcy,
 
 *1523
 
 as a bona fide purchaser, avoid unrecorded tax liens?”
 

 Title eleven of the United States Code, § 544(a)(3) provides: “The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by _a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.” The partiés agree that the trustee’s rights as a bona fide purchaser under § 544 are to be determined under applicable state law.
 
 McDaniel v. American Druggists’ Ins. Co.,
 
 6 B.R. 102 (Bankr.N.D.Ga.1980).
 

 The general rule in Georgia is “that when property is transferred to one for value, the transferee not having actual notice of any lien against the property, and no lien being recorded, he takes the property free of the lien. But under our recording statues, if the lien is properly recorded so as to give constructive notice of its existence to all would-be transferees, then the transferee has notice of the lien, and the transferred property in his possession is subject to the lien.”
 
 Kilgore v. Buice,
 
 229 Ga. 445, 448, 192 S.E.2d 256 (1972). In
 
 Georgia v. Atlanta Provision,
 
 supra, relied on by the bankruptcy court, the Court of Appeals stated that this general rule applies to the State’s lien for sales taxes. “Recording the fi. fa. issued by the State Revenue Commissioner on the general execution docket is not a condition precedent to the lien for sales tax attaching; and the only effect of a failure to record the lien is that as against innocent purchasers the lien will be lost. [Cit.]” 90 Ga.App. at 150, 82 S.E.2d 145.
 

 The State claims, however, that the Court of Appeals’s statement in
 
 Atlanta Provision
 
 is dictum, and therefore not controlling. Citing a number of eases involving sheriff’s sales,
 
 [3]
 
 the State maintains that liens for State sales and use taxes and withholding taxes follow the property into the hands of a bona fide purchaser, regardless of whether the tax fi. fa. is recorded. It is beyond dispute that a purchaser at a sheriff’s sale may not avoid the State’s unrecorded tax liens. OCGA § 48-2-57, first enacted in 1895, provides: “A sale of property under legal process shall not divest the State of its tax liens.” There is no statutory protection afforded the State’s unrecorded liens for withholding taxes and sales and use taxes where the bona fide purchaser takes the property in a sale not under legal process. Nor are we persuaded that this court should adopt such a rule.
 

 As between the State which has the right to record its liens for sales and use taxes and withholding taxes, thereby protecting itself against all purchasers, and a bona fide purchaser who has no means of protecting himself, fairness requires us to favor the bona fide purchaser.
 

 We hold, therefore, that a trustee in bankruptcy, as a bona fide purchaser under 11 U.S.C.A. § 544(a)(3), may avoid the State’s unrecorded tax liens for sales and use taxes and withholding taxes.
 
 [4]
 

 Certified question answered.
 

 All the Justices concur.
 

 **
 

 We are grateful for the aid of the Supreme Court of Georgia. Use of Rule 37 of the Supreme Court of Georgia contributes to the ability of federal courts to give sound answers on questions of law that are primarily state concerns.
 

 [1]
 

 . The parties agree that of the amounts owed the State, the sums of $79,051.42, (representing sales and use taxes for the period February 1, 1978 through July 31, 1982), and $6,247.57, (representing withholding taxes for the period October 1, 1981 through August 31, 1982), were due and payable prior to the filing of the bankruptcy petition.
 

 [2]
 

 The parties agree that any lien which would attach to the real estate sold by the trustee in bankruptcy attaches to the proceeds of the sale.
 

 [3]
 

 . The State relies on
 
 Carroll v. Richards,
 
 50 Ga.App. 272, 178 S.E. 178 (1934);
 
 LaGrange Grocery Co. v. City of LaGrange,
 
 31 Ga.App. 97, 119 S.E. 536 (1923); and
 
 Freeman v. Mayor of Atlanta,
 
 66 Ga. 617 (1881).
 
 Freeman
 
 involved both a sheriffs sale and a private transaction. However, the facts of the case do not disclose the status of the transferee in the private transaction. We further note that following
 
 Freeman
 
 the legislature enacted OCGA § 48-2-57, discussed infra, in which it purported to protect only those unrecorded liens for state taxes where there was a sale of property under
 
 legal process.
 

 [4]
 

 . We point out that the 1983 amendment to OCGA § 48-2-56, effective July 1, 1983, does not govern this case. Ga.Laws.1983, pp. 1834, 1838-1842.