**In re CONSOLIDATED SOUTHEAST-ERN GROUP, INC., f/k/a Sunbelt Western Steers, Inc., Debtor.**

**Bankruptcy No. A85–01201.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 11, 1987.

Frank W. Scroggins, Scroggins & Brizendine, Atlanta, Ga., for debtor.

Shepherd L. Howell, Archer & Howell, Cartersville, Ga., for City of Cartersville.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

The City of Cartersville, Georgia filed an objection to debtor's Plan of Reorganization. At the hearing on May 4, 1987, the parties agreed that the real issue was the treatment to be accorded the $6,566.37 claim of the City of Cartersville. Debtor's plan has classified and proposes to treat this claim as an unsecured claim. The parties agreed that the facts are not in dispute and to submit the matter on briefs.

It is stipulated that the claim of the city in the sum of $6,566.37 is for unpaid utilities and that this claim was not reduced to judgment and recorded in the appropriate general execution docket, prior to the filing of the debtor's Chapter 11 case. The debtor contends that with regard to personal property a lien must be filed before it takes effect. Debtor held no real property.

## CONCLUSIONS OF LAW

The City Charter of the City of Cartersville, Georgia, approved by the legislature of the State of Georgia, provides that if any of the charges, rates, fairs, or fees for utilities are not paid, such shall constitute a lien against the property of the person served, and said lien shall be enforceable in the same manner and with the same remedies as a lien for city property taxes. A copy of the appropriate City Charter section is attached to the claimant's proof of claim.

Concerning a lien for taxes, the City Charter provides that a lien shall exist against all property upon which city taxes are levied ... which shall be superior to all other liens except that it shall have equal dignity with those of the federal, state, or county taxes.

The City contends that its claim has a secured status by virtue of the lien on the property of the debtor even though the lien was not reduced to judgment and entered of record prior to bankruptcy. Under Georgia law taxes constitute a lien against the property whether that lien is recorded or not. O.C.G.A. Section 48–5–28. *See also, generally,* 2 G. Pindar *Georgia Real Estate Law and Procedure* Sections 26–83 through Section 26–85 (3rd ed. 1986).

The parties have stipulated that the City's claim arose from the use of utilities. This is not a tax as contemplated by Section 507 of the Bankruptcy Code. As noted by debtor's counsel in his brief, the Ninth Circuit in the case of *In re Lorber Industries of California, Inc.,* 675 F.2d 1062, 1066 (9th Cir.1982), stated as follows:

[T]he elements which characterize an exaction of a 'tax' within the meaning of said Section 64, sub. a(4) are as follows:

(a) An involuntary pecuniary burden, regardless of name, laid upon individuals or property;

(b) Imposed by, or under authority of the legislature;

(c) For public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;

(d) Under the police or taxing power of the state.

Federal law defines "tax" for priority purposes and the determination of whether a governmental claim is a tax under the Bankruptcy Code is, therefore, a federal question. *See In re Smith Jones, Inc.,* 36 B.R. 408 (Bankr.D.Minn.1984). If the fee or tax results from a voluntary undertaking for private benefit, such as city water or sewer rents, it is not a tax entitled to priority status, but instead is simply a charge for services rendered. *See In re Adams,* 40 B.R. 545 (E.D.Pa.1984); *In re Payne,* 27 B.R. 809 (Bankr.D.Kan. 1983).

Although the City argues otherwise, the special treatment of utilities under the City Charter is very similar to that accorded sales and use taxes under Georgia law. As the *Lorber* court held, "user fees", such as the City's utility charges, are not taxes

and do not constitute claims entitled to priority.

■ The City contends that its utility bill has a secured lien status, the same as a tax bill, by virtue of the City Charter passed by the State Legislature. (Ga. Acts 1974, 3697, 3698). As a secured creditor, the City's claim should be treated as a "Class 1" creditor under the plan and the debt should be paid in full, as are the other tax claims.

The City, however, ignores the fact that the lien granted by its charter is unrecorded. A similar question has been certified by the Eleventh Circuit to the Supreme Court of Georgia in *Abney v. Cox Enterprises (In re Fulton Air Service, Inc.)*, 777 F.2d 1521 (11th Cir.1985). The question certified for resolution was, "May a trustee in bankruptcy, as a bona fide purchaser, avoid unrecorded tax liens?". The Supreme Court of Georgia, whose opinion was adopted by the Eleventh Circuit, stated as follows:

> As between the State which has the right to record its liens for sales and use taxes and withholding taxes, thereby protecting itself against all purchasers, and a bona fide purchaser who has no means of protecting himself, fairness requires us to favor the bona fide purchaser.

254 Ga. 649, 651, 333 S.E.2d 581 (1985); 777 F.2d at 1523–Appendix.

Both the Georgia Supreme Court and the Eleventh Circuit held, therefore, that a trustee in bankruptcy, as a bona fide purchaser under 11 U.S.C. Section 554(a)(3) may avoid the state's unrecorded tax lien for sales and use tax and withholding taxes. Similarly, this Chapter 11 debtor, exercising the rights and powers of a trustee, pursuant to Section 1107(a) of the Bankruptcy Code, may avoid the unrecorded lien for utility services asserted by the City. The unrecorded utility lien of the City is unperfected as against the debtor in possession exercising the bona fide purchaser rights and powers of a trustee under Section 1107(a) and Section 544(a)(3). Accordingly, it is

ORDERED that the claim of the City of Cartersville for unpaid utilities is properly classified and treated by the debtor's plan as an unsecured claim and the objections of the City are DENIED.

IT IS SO ORDERED.