59282. UNITED STATES OF AMERICA et al. v. WATERFORD NO. 2 OFFICE CENTER.

QUILLIAN, Presiding Judge.

The plaintiff appeals from an adverse judgment on its claim to a fund deposited in the registry of the State Court of DeKalb County.

The trial judge, sitting without a jury, made the following findings of fact:

"The within and foregoing motion for money rule having come on regularly to be heard and after hearing the evidence, the Court finds the facts as follows:

"U. S. Electronics was a Missouri corporation with an office and place of business located at 4480 North Shallowford Road, Atlanta, DeKalb County, Georgia. U. S. Electronics had leased the premises from the defendant, Waterford No. 2 Office Center.

"Subsequent to the lease having been entered into, U. S. Electronics borrowed money from a bank in St. Louis, Missouri, which loan was guaranteed by the Small Business Administration, an agency of the United States of America. At the time the loan was made, the collateral in which plaintiff claims a security interest was located in DeKalb County, Georgia. The bank filed a financing statement in Fulton County, Georgia on October 23, 1979. The

bank assigned its security interest to plaintiff in February of 1979. Agents of plaintiff notified defendant Waterford No. 2 that it claimed a security interest in the property of the debtor, U. S. Electronics.

"Subsequent to the assignment of the security interest to plaintiff by the bank, defendant Waterford No. 2, obtained judgment against U. S. Electronics for past due rent. The property was levied on by the Marshal of the State Court of DeKalb County and sold at public auction. The levy and sale were conducted with knowledge of plaintiff and plaintiff had its agents at the sale.

"Neither the bank nor plaintiff, its assignee, ever recorded the financing statement in DeKalb County, Georgia.

"The proceeds from the sale, $3,000.00, were deposited in the registry of the State Court of DeKalb County and plaintiff filed its claim to the fund."

Based on those facts he reached these conclusions of law:

"The priority of liens in respect to personal property is governed by the Uniform Commercial Code, Georgia Code Annotated, Title 109-A.

"One who claims a security interest in property of a debtor must file its financing statement in the county in which the collateral is located. In the case at bar, the debtor's principal office and place of business, as well as the collateral, were located in DeKalb County, Georgia. In order to prevail, the plaintiff must be able to show it filed its financing statement in DeKalb County, Georgia prior to the sale of the property levied upon. Plaintiff failed in its proof and must necessarily fail in its claim for the funds held by the Court. To protect its security interest against other lien holders, the Uniform Commercial Code requires a creditor to file its financing statement in the county where the collateral is located. Notification is not a substitute for filing. *M. D. Hodges Enterprises, Inc. v. First Georgia Bank,* 243 Ga. 664 (1979)." *Held:*

The case cited by the trial judge, *M. D. Hodges Enterprises, Inc. v. First Georgia Bank,* 243 Ga. 664 (256 SE2d 350), was decided based on the law prior to the revision of Code Ann. Ch. 109A-9 which was effective July 1, 1978. It is not determinative in this case.

Here the appellant failed to perfect its security interest since the filing under which it claimed was not in the correct county. See Code Ann. § 109A-9—401 (1)(b) (Ga. L. 1978, pp. 1081, 1119). While the security interest remained unperfected, the appellee levied on the property pursuant to a judgment for past due rent. Thus, the issue is, where the appellee had knowledge of the appellant's claim to a security interest, which of the two parties was entitled to

priority.

UCC § 109A-9—301 (1)(b) (Code Ann. § 109A-9—301, Ga. L. 1962, p. 156, 397) formerly provided: "Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of . . . a person who becomes a lien creditor *without knowledge of the security interests* and before it is perfected." (Emphasis supplied.) UCC § 109A-9—301(1)(b) (Code Ann. § 109A-9—301(1)(b), Ga. L. 1978, pp. 1081, 1102) *now* provides: "Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of . . . a person who becomes a lien creditor before the security interest is perfected." Under Code Ann. § 109A-9—301(3) (Ga. L. 1978, pp. 1081, 1102) "A 'lien creditor' means a creditor who has acquired a lien on the property involved by attachment, levy or the like."

The Georgia Reviser's Comments on UCC § 109A-9—301(1)(b) read: "Under the former Code an unperfected security interest prevailed over a lien creditor who acquires his lien with knowledge of the security interest. This rule was an unjustified departure from the race to the record concept; it does not take into account the probability that the lien creditor extended credit at an earlier time when he was without knowledge of the security interest. The revision in subsection (1)(b) of this provision eliminates the uncertain knowledge element from the formula. *A lien creditor would defeat an unperfected security interest even where the lien is acquired with knowledge of the security interest."* (Emphasis supplied.)

The national codifiers have set forth the reasons for the changes now incorporated in our Code: "Paragraph (1) (b) has been amended to eliminate the element of knowledge in the conditions under which a lien creditor may defeat an unperfected security interest. *Knowledge of the security interest will no longer subordinate the lien creditor to the unfiled security interests.* The former section denied the lien creditor priority even though he had no knowledge when he got involved by extending credit, if he acquired knowledge while attempting to extricate himself. It was completely inconsistent in spirit with the rules of priority between security interests, where knowledge plays a very minor role." (Emphasis supplied.) 6A Bender's UCC Service 1-706, § 9-301.

Clearly the change incorporated in Code Ann. § 109A-9—301 (1) (b) by deleting the language "without knowledge of the security interests" was intended to eliminate knowledge as a factor insofar as a lien creditor's rights relative to an unperfected security interest are concerned. However, UCC § 109A-9—401 (2) (Code

Ann. § 109A-9—401 (2), Ga. L. 1978, pp. 1081, 1119) provides: "A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

While there appears to be a conflict in the two sections, UCC § 109A-9—301 (1) (b) specifically appertains to the situation present in the case sub judice involving a lien creditor and in view of the rationale behind its revision we deem it to be controlling. So construed Code Ann. § 109A-9—401 (2) would be applicable to "any person [*other than a lien creditor*] who has knowledge of the contents of such financing statement."

The trial judge did not err in finding for the appellee.
*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED JANUARY 9, 1980 — DECIDED FEBRUARY 21, 1980 — REHEARING DENIED MARCH 18, 1980 — 

*William L. Harper, Douglas P. Roberto,* for appellants.
*Wesley Williams,* for appellee.

ON MOTION FOR REHEARING.

The movant's argument that the security interest was perfected even though filed in the wrong county has no arguable basis. See 4 Anderson, Uniform Commercial Code, and cits. "When filing is required to perfect a security interest, it must be filed in the manner designated by Code § 9-401." Anderson, supra, p. 262, § 9-302:9. "Filing in the wrong county fails to perfect the interest of the creditor and this is so even though the filing is made based on the address given by the debtor." Anderson, supra, p. 449, § 9-401:29. "Filing in the county designated by the Code is mandatory to perfecting a security interest by filing, and a filing in a wrong office has no effect in perfecting a security interest." Anderson, supra, p. 452, § 9-401:32.

*Motion for rehearing denied.*