In re NATIONAL BUY–RITE, INC., Debtor.

William G. McDANIEL, Trustee, Plaintiff,

v.

AMERICAN DRUGGISTS' INSURANCE COMPANY, Timothy A. Siler, and Lawrence D. Mabray, Defendants.

Bankruptcy No. 80–00309A.
Adversary No. 80–0231A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Sept. 2, 1980.

Alan L. Dye, McDaniel, Chorey & Taylor, Atlanta, Ga., for William G. McDaniel.

Timothy A. Siler, pro se.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

This matter was brought before the Court on motion for judgment on the pleadings filed by defendant Timothy A. Siler. Upon reviewing the pleadings of the parties the Court makes the findings and conclusions set forth herein.

## FINDINGS OF FACT

1. National Buy–Rite Inc., (hereinafter referred to as "Buy–Rite"), was a corporation engaged in the business of providing buying services to its members. It was required by Georgia law to maintain a surety bond payable to the Governor of Georgia to cover any losses sustained by its members as a result of fraudulent misrepresentation or breach of contract.

2. On August 14, 1979 Buy–Rite entered into an agreement with defendant American Druggists' Insurance Company ("American Druggists' "), whereby American Druggists' agreed to serve as a surety for any losses, damages or expenses sustained by any member of Buy–Rite as a result of Buy–Rite's fraudulent misrepresentation or breach of contract. American Druggists' liability under this agreement was limited to $25,000.00. As collateral security for the agreement, Buy–Rite deposited $12,500.00 with American Druggists'. (Hereinafter the $12,500.00 fund shall be referred to as "the deposit").

3. Timothy A. Siler, ("Siler") and Lawrence D. Mabray, ("Mabray") guaranteed certain obligations of Buy–Rite. Buy–Rite, Siler and Mabray entered into a security agreement on August 24, 1979 in which Buy–Rite pledged the deposit held by American Druggists' as security for the guarantees.

4. American Druggists' was notified by Siler in a letter dated August 24, 1979 that Siler and Mabray claimed a security interest in the deposit.

5. On January 31, 1980 Buy–Rite filed a petition under Chapter 7 of Title 11 of the United States Code. Plaintiff William G. McDaniel ("Trustee") was appointed trustee.

6. Trustee's complaint to recover the deposit initiated the instant adversary proceeding. It is contended by Trustee that the deposit is property which may be used, sold or leased under 11 U.S.C. § 363 and therefore must be turned over to Trustee pursuant to 11 U.S.C. § 542(a).

7. At the present time the deposit remains in the hands of American Druggists'.

8. Siler claims a perfected security interest in the deposit and has requested the Court to order Trustee to hold the deposit until such time as it is determined whether or not Siler will sustain a loss as a result of his guarantee.

9. American Druggists' claims an equitable interest in the deposit and has requested the Court's permission to retain the deposit until all claims under the surety bond have been satisfied in full.

10. A motion for judgment on the pleadings was filed by Siler on April 25, 1980.

11. Trustee filed an amended complaint on May 2, 1980, which adds two counts to the original complaint. It is alleged that if Siler has a perfected security interest, the perfection is voidable as a preferential transfer. The granting of the security interest is also challenged on the ground that it was not properly authorized and is therefore voidable.

12. Siler's answer to Trustee's amended complaint contains a motion to strike the amended complaint for failure to comply with Rule 15(a) of the F.R.Civ.P. and a motion for more definite statement concerning a particular paragraph of the amended complaint.

**104**

## APPLICABLE LAW

### MOTION TO STRIKE

■ A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading has been served a party may amend his pleading only by leave of court or by written consent of the adverse party. Rule 15(a) of the F.R.Civ.P. made applicable by Rule 715 of the Bankruptcy Rules; *Fox v. City of West Palm Beach*, 383 F.2d 189 (5th Cir. 1967).

Siler contends that Trustee failed to comply with Rule 15(a) because he neither filed a motion for leave to amend nor did he obtain Siler's written consent for the amendment.

A review of the case file reveals that this Court, in fact, granted Trustee leave to amend his complaint by order dated May 2, 1980. Therefore Siler's motion to strike is moot and will be denied.

### MOTION FOR MORE DEFINITE STATEMENT

Siler has moved for a more definite statement with respect to paragraph 20 of count three of Trustee's amended complaint which reads, "The security interest was transferred between 90 days and one year prior to the filing of the bankruptcy petition".

■ The propriety of granting a motion for more definite statement is a matter within the discretion of the trial court. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959). Under the Federal Rules of Civil Procedure the concept of notice pleading is employed with the purpose of securing the just, speedy and inexpensive determination of every action. *United States v. Georgia Power Company*, 301 F.Supp. 538 (N.D.Ga.1969). If a complaint gives fair notice of the nature of the claim, a motion for more definite statement will not be granted. *United States v. Metro Development Corporation*, 61 F.R.D. 83 (N.D.Ga.1973).

■ To evaluate the merits of a motion for more definite statement the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E–Z Way Towers, Inc., supra; United States v. Georgia Power Company, supra.* After examining Trustee's amended complaint the Court concludes that Paragraph 20 is not so vague or ambiguous that Siler cannot reasonably be expected to frame a response thereto. The amended complaint gives adequate notice that the claim therein is based on an alleged preferential transfer. Paragraph 20 alleges that a certain element of a preferential transfer is present in the instant case. The Court concludes that the motion for more definite statement is without merit and therefore it shall be denied.

### MOTION FOR JUDGMENT ON THE PLEADINGS

■ For the purpose of deciding whether to grant a motion for judgment on the pleadings the allegations contained in the petition are taken as true. *Swerdloff v. Miami National Bank*, 584 F.2d 54 (5th Cir. 1978); *Cash v. Commissioner of Internal Revenue*, 580 F.2d 152 (5th Cir. 1978). Motions of this nature may be granted only when the moving party is clearly entitled to judgment. *Austad v. United States*, 386 F.2d 147 (9th Cir. 1967).

Trustee seeks the turnover of the fund held by American Druggists'. Under 11 U.S.C. § 542(a) the trustee may obtain the turnover of property which may be used, sold or leased in accordance with the provisions of 11 U.S.C. § 363. Cash collateral is included among the property which may be used, sold or leased subject to certain conditions set forth in 11 U.S.C. § 363. Siler claims a perfected security interest in the deposit thus presenting to the Court the issue of which party has the superior claim to the fund which is the subject matter of this dispute.

Trustee's complaint alleges that Siler did not perfect a security interest in the deposit. Although this allegation is contested by Siler, for the purposes of determining the

merits of Siler's motion for judgment on the pleadings this allegation must be accepted as true. *Swerdloff v. Miami National Bank, supra.*

 By virtue of 11 U.S.C. § 544(a)(1) the bankruptcy trustee is endowed with the rights of a judicial lien creditor. *4 Collier on Bankruptcy* (15th Edition) ¶ 544.02. Under Georgia law a lien creditor has priority over the holder of an unperfected security interest. Ga.Code Ann. § 109A–9–301(1)(b). *United States of America v. Waterford No. 2 Office Center*, 154 Ga.App. 9, 267 S.E.2d 264 (1980). Therefore, if Siler has not perfected a security interest in the deposit Trustee's claim will have priority.

The Court notes that Siler's motion for judgment on the pleadings was filed before Trustee amended his complaint. Trustee's amended complaint adds two new counts to the original complaint. Perfection is the only issue addressed by Siler's motion and is the only issue the Court will address at this time.

From reviewing the pleadings this Court cannot conclude that Siler is entitled to judgment as a matter of law.

## CONCLUSIONS OF LAW

1. For purposes of determining the merits of the motion for judgment on the pleadings this Court accepts as true Trustee's allegation that Siler failed to perfect a security interest in the deposit held by American Druggists'.

2. Trustee has the status of a judicial lien creditor.

3. Under Georgia law, a lien creditor has priority over the holder of an unperfected security interest. Therefore Trustee would have priority over Siler's unperfected security interest in the deposit.

4. Siler is not clearly entitled to judgment as a matter of law. It is therefore

ORDERED that the motion to strike Trustee's amended complaint shall be and same is hereby denied; and it is further

ORDERED that the motion for more definite statement shall be and same is hereby denied; and it is further

ORDERED that the motion for judgment on the pleadings shall be and same is hereby denied.

So Ordered.