**In re John J. LEE, Jr., Debtor.**

**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Plaintiff,**

v.

**Jason D. MONZACK, Trustee, John J. Lee, Jr., Debtor, Wayland Purmont, Defendants.**

**Bankruptcy No. 8200008.**

**Adv. No. 820149.**

United States Bankruptcy Court, D. Rhode Island.

March 18, 1983.

William F. Hague, Jr., Dick & Hague, Ltd., Providence, R.I., for plaintiff.

Robert B. Mann, Mann & Roney, Providence, R.I., for defendant Wayland Purmont.

ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The captioned matter, which was heard on the complaint of Rhode Island Hospital Trust National Bank for relief from the automatic stay, 11 U.S.C. § 362, involves two competing alleged secured creditors (the bank and Wayland Purmont). Resolution of the dispute depends upon a determination of the order of perfection of the two security interests in question.

The bank and Purmont agree that the party which first perfected its security interest [1] in a twenty-five foot boat owned by the debtor, should prevail. The boat had been purchased by the debtor from Purmont, who attempted to retain a security interest in the property through documentation prepared and executed by the parties without legal assistance. Purmont did not file or record any documents with the Secretary of State in either Rhode Island or Massachusetts.[2] The bank concedes that the document executed by Purmont and the debtor is a valid security agreement, and the issue therefore is whether Purmont perfected his security interest by taking possession of the boat prior to the bank's filing of its UCC–1 in July 1981.

If Purmont took possession of the boat within the meaning of UCC § 9–305 prior to that date, then he would have properly perfected his security interest in the boat, prior in time to the perfection of the bank's security interest, and should prevail here. "A security interest in ... goods ... may be perfected by the secured party's taking

---

1. UCC § 9–312(5)(a) provides for priority between conflicting security interests as follows:

    Conflicting security interests rank according to priority in time of filing or perfection. Priority dates from the time a filing is first made covering the collateral or the time the security interest is first perfected, whichever is earlier, provided that there is no period thereafter when there is neither filing nor perfection.

2. Virtually all acts relevant to this proceeding took place in Massachusetts, and the boat was in Massachusetts at all times in question. Accordingly, Massachusetts law controls. Massachusetts has adopted all provisions of the Uniform Commercial Code cited in this order. Mass.Gen.Laws Ann.Ch. 106 (West 1958 & 1982 Supp.).

**320**

possession of the collateral." UCC § 9–305. If, however, Purmont did not take possession prior to the bank's perfection of its security interest (by filing) in July 1981, then the bank is entitled to the relief requested.

The manner in which Purmont took "possession of the collateral" is critical. Purmont's alleged possession of the collateral, prior to the time the bank perfected its security interest, consisted of the debtor's storing the boat, with Purmont's approval, on the property of the cousin of the debtor's wife, where it had been placed for the purpose of attempting a sale. That location is adjacent to a heavily traveled road with good exposure.

Purmont relies upon authority holding that

> possession by a third party bailee, who is not controlled by the debtor, which adequately informs potential lenders of the possible existence of a perfected security interest satisfies the notice function underlying the "bailee with notice" provision of § 9–305.

*In re Copeland,* 531 F.2d 1195, 1204 (3d Cir.1976); *accord, In re King,* 10 B.R. 685, 31 UCC Rep. 697 (Bkrtcy.E.D.Tenn.1981). Official Comment 2 to UCC § 9–305 states: "Possession may be by the secured party himself or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." Although the debtor testified that he and Purmont agreed on the manner in which the proceeds of a sale would be distributed, we conclude that storing the boat on the property of a relative of the debtor does not constitute "taking possession of the collateral" by an alleged secured party, within the meaning of UCC § 9–305.

The relationship of Purmont vis-a-vis the debtor is not the usual arms-length situation existing between debtor and secured party, and this makes for a closer case than there would be otherwise. Nevertheless, Purmont has failed to demonstrate to the satisfaction of the Court that the debtor's wife's cousin was not "controlled by" the debtor within the meaning of the Uniform Commercial Code, or more importantly, that the placing of the boat on her property "adequately informed potential lenders of the possible existence of a perfected security interest."

Accordingly, it is ordered that the bank's Complaint for Reclamation and for Relief from the Automatic Stay is granted.