In the Matter of Thomas David STEWART, Debtor.

FIRST AMERICAN BANK & TRUST COMPANY OF ATHENS, GEORGIA, Plaintiff,

v.

Ernest V. HARRIS, Trustee, Defendant.

Bankruptcy No. 85–30036.
Adv. No. 85–3032.

United States Bankruptcy Court,
M.D. Georgia
Athens Division.

May 28, 1987.

John S. Noell, Jr., Athens, Ga., for plaintiff.

Ernest V. Harris, Athens, Ga., Trustee.

## MEMORANDUM OPINION ON COMPLAINT TO RECOVER MONEY AND PROPERTY

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### STATEMENT OF CASE

On February 4, 1985, Thomas David Stewart, Debtor, filed a petition for relief under Chapter 7 of the Bankruptcy Code. Ernest V. Harris was appointed as the trustee of Debtor's bankruptcy estate on February 4, 1985. On October 17, 1985, First American Bank & Trust Company, Plaintiff, filed its "Complaint to Recover Money and Property" against Ernest V. Harris, Defendant. In its complaint, Plaintiff asserts that it is entitled to certain personal property and certain money recovered by Defendant as trustee of Debtor's bankruptcy estate.

The complaint came on for trial on February 20, 1986. The Court, having considered the evidence and testimony presented at trial, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

Prior to Debtor's bankruptcy filing, Plaintiff loaned money to Debtor, and as evidence of this loan, Debtor executed a promissory note in favor of Plaintiff. At the same time, Debtor executed a security agreement under which Plaintiff took a security interest in a diamond ring. Plaintiff did not file a financing statement to perfect its security interest in the diamond ring, but Plaintiff immediately took physical possession of the diamond ring.

On September 14, 1984, Plaintiff released the diamond ring into Debtor's custody after the following document was executed:

ATHENS, GA., __9-14__ 1984

RECEIVED from FIRST AMERICAN BANK & TRUST COMPANY, ATHENS, GEORGIA the following property, held by the Bank as collateral security:
__1 ladies Diamond Ring__

and in consideration thereof __I__ HEREBY AGREE TO HOLD SAID PROPERTY IN TRUST for the following purposes, viz:
__give to Armonds Diamond Center for Sale.__
and __I__ will return the said property, or __Cash Equivalent__

with due diligence to the Bank, the intention of this arrangement being to protect and preserve unimpaired the lien of FIRST AMERICAN BANK & TRUST COMPANY on said property.

__/s/ Thomas Stewart__

Upon the release of the diamond ring, Plaintiff did not file a financing statement covering its interest in the diamond ring.

Debtor took the diamond ring to Armond Diamond Center for the diamond ring to be sold. Armond Parks testified that he thought Debtor owned the diamond ring and that he did not know that Plaintiff claimed an interest in the diamond ring. Mr. Parks sold the diamond ring to a third party in exchange for another diamond ring and $4,917.

Sometime in December of 1984, Plaintiff notified Debtor that it wanted to take pos-

session of the diamond ring, but Plaintiff was informed that the diamond ring had been sold. No proceeds from the sale of the diamond ring were ever remitted to Plaintiff. Subsequently, Debtor filed his petition for relief in bankruptcy. Defendant, as the Chapter 7 trustee, commenced an adversary proceeding against Mr. Parks to recover certain property from Mr. Parks.[1] As a result of this adversary proceeding, Defendant recovered the diamond ring and $4,917, which Mr. Parks received when he sold the diamond ring that Plaintiff had released to Debtor.

## CONCLUSIONS OF LAW

In its complaint, Plaintiff asserts that it is entitled to the diamond ring and $4,917 Defendant recovered from Mr. Parks. To determine if Plaintiff is entitled to the diamond ring and $4,917, the Court must first determine what interest Plaintiff had in this property as of the date Debtor filed his petition for relief in bankruptcy. The Court must look to Georgia law in making this determination. *See, e.g., Lewis v. Manufacturers National Bank of Detroit,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961); *Roberts Furniture Co. v. Pierce (In re Manuel),* 507 F.2d 990, 992 (5th Cir.1975); *Franklin v. ITT Financial Services (In re Franklin),* Ch. 7 Case No. 86–10234–ALB, slip op. at 4 (Bankr.M. D.Ga. Nov. 21, 1986); *Bond's Jewelers, Inc. v. Linklater (In re Linklater),* 48 B.R. 916, 918, 12 Collier Bankr.Cas.2d 995, 997 (Bankr.D.Nev.1985); 9 R. Anderson, *Anderson on the Uniform Commercial Code* §§ 9–302:5, :10 (3d ed. 1985).

Section 11–9–303(1) of the Georgia Code [2] sets forth the requirements for perfecting a security interest under Georgia law. It provides that:

(1) A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Such steps are specified in Code Sections 11–9–302, 11–9–304, 11–9–305, and 11–9–306. If such steps are taken before the security interest attaches, it is perfected at the time when it attaches.

O.C.G.A. § 11–9–303(1) (1982). A security interest attaches when:

(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown, a description of the land concerned; and

(b) Value has been given; and

(c) The debtor has rights in the collateral.

O.C.G.A. § 11–9–203(1) (1982).

To perfect a security interest, a secured party must file a financing statement unless the secured party elects to take possession of the collateral as provided for under section 11–9–305 of the Georgia Code.[3] O.C.G.A. § 11–9–302(1)(a) (1982).

Section 11–9–305 provides that:

A security interest in ... goods, ... may be perfected by the secured party's taking possession of the collateral.... A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this article. The security interest may be otherwise perfected as provided in this article before or after the period of possession by the secured party.

O.C.G.A. § 11–9–305 (1982).

■ Under Georgia law, the Court concludes that Plaintiff had a perfected security interest in the diamond ring prior to the release of the diamond ring to Debtor under the document executed on September 14, 1984. The security interest had attached because Plaintiff had possession of the diamond ring pursuant to the security agreement between Plaintiff and Debtor; value had been given; and Debtor had

---

1. *Harris v. Parks (In re Stewart),* Ch. 7 Case No. 85–30036, Adv.Proc. No. 85–3008 (Bankr.M. D.Ga. filed May 28, 1985).

2. O.C.G.A. § 11–9–303(1) (1982).

3. O.C.G.A. § 11–9–305 (1982).

rights in the diamond ring. Plaintiff perfected its security interest in the diamond ring by taking possession of it. *See Tascosa National Bank of Amarillo v. Epps (In re Epps)*, 25 B.R. 115, 117 (Bankr.N.D.Tex. 1982); *Green v. D.D. Joseph Trading Co. (In re K L K Furs, Inc.)*, 21 B.R. 32, 35 (Bankr.S.D.N.Y.1981).

The real issue for the Court to determine is what effect the September 14, 1984, document Plaintiff and Debtor executed had upon Plaintiff's security interest which it had perfected by possession. The Court notes that the primary purpose behind requiring a secured party to comply with the perfecting provisions under Article 9 is to "put a diligent searcher on notice of the secured party's claim." J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 23–5 (2d ed. 1980). Actual possession of the collateral in which the secured party claims a security interest "gives notice to the world that the debtor does not have full use of the collateral." 9 R. Anderson, *Anderson on the Uniform Commercial Code* § 9–305:7 (3d ed. 1985). Subsequent lenders and creditors thus are adequately informed of the possible existence of a perfected security interest in the collateral, and they can inquire of the secured party the extent of the secured party's interest in the collateral. *See* J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 23–10 (2d ed. 1980).

Plaintiff asserts that pursuant to the September 14, 1984, document, it did not release its perfected security interest in the diamond ring because under the terms of that document, Debtor held the diamond ring in trust for Plaintiff. Official Comment 2 to section 9–305 of the Uniform Commercial Code provides that "[p]ossession may be by the secured party himself or by an agent on his behalf: it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." Official Comment 2, U.C.C. § 9–305. The argument that a debtor possesses collateral on behalf of a secured party for the purpose of perfection by possession has been uniformly rejected because possession by the debtor does not give adequate notice to other creditors of the secured party's interest in the collateral. J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code* § 23–10 (2d ed. 1980). *See, e.g., Starr v. Bruce Farley Corp. (In re Bruce Farley Corp.)*, 612 F.2d 1197, 1200 (9th Cir.1980); *Heinicke Instruments Co. v. Republic Corp.*, 543 F.2d 700, 701–02 (9th Cir.1976); *In re Copeland*, 531 F.2d 1195, 1204 (3rd Cir.1976); *Rhode Island Hospital Trust National Bank v. Monzack (In re Lee)*, 28 B.R. 319, 320 (Bankr.D.R.I.1983); *Borg-Warner Acceptance Corp. v. Twelves (In re Utah Agricorp, Inc.)*, 12 B.R. 573, 575 (Bankr.D.Utah 1981); *McDonald v. National Bank of Stigler (In re Hill)*, 7 B.R. 433, 435 (Bankr.W. D.Okla.1980).

 By relinquishing possession of the diamond ring, Plaintiff lost its perfected security interest in the diamond ring because it failed to perfect its security interest by one of the other methods of perfection provided for by the Georgia commercial code. The September 14, 1984, document simply does not qualify as one of these methods. The Court notes that potential lenders and creditors were not put on notice of Plaintiff's security interest in the diamond ring even though Debtor possessed the diamond ring pursuant to a trust arrangement. This is evidenced by Mr. Parks' testimony. Mr. Parks testified that he thought Debtor owned the diamond ring and that he was completely unaware of any claim Plaintiff had to the diamond ring. The Court therefore concludes that as of the date Debtor filed his bankruptcy petition, Plaintiff's security interest in the diamond ring was unperfected.

 Having concluded that Plaintiff has an unperfected security interest in the diamond ring, the Court must now decide how the Bankruptcy Code applies in this situation. Section 544(a)(1) of the Bankruptcy Code grants to Defendant, as the trustee in Debtor's bankruptcy case, the status of a hypothetical lien creditor who is deemed to

have perfected his interest as of the date of the filing of the bankruptcy petition. 11 U.S.C.A. § 544(a)(1) (West Supp.1987). *See* 4 *Collier on Bankruptcy* ¶ 544.02 (15th ed. 1987); *First National Bank of Denver v. Turley*, 705 F.2d 1024, 1026 (8th Cir.1983); *Brinkmann v. White Farm Equipment Co. (In re White Farm Equipment Co.)*, 63 B.R. 800, 805, 14 Bankr.Ct.Dec. 1001, 1004 (Bankr.N.D.Ill.1986); *Ellsworth v. Fitzpatrick (In re Fitzpatrick)*, 29 B.R. 701, 702–03, 10 Bankr.Ct.Dec. 782, 782–83 (Bankr.W.D.Wis.1983); *McDaniel v. American Druggists' Insurance Co. (In re National Buy-Rite, Inc.)*, 6 B.R. 102, 105 (Bankr.N.D.Ga.1980).

Under section 11–9–301(1) of the Georgia Code, a lien creditor has priority over a holder of an unperfected security interest. O.C.G.A. § 11–9–301(1) (1982). *Nicholson v. First Investment Co.*, 705 F.2d 410, 413 (11th Cir.1983); *United States Fidelity & Guaranty Co. v. Leach (In re Merts Equipment Co.)*, 438 F.Supp. 295, 298 (M.D.Ga.1977); *In re National Buy-Rite, Inc.*, 6 B.R. at 105. A trustee in bankruptcy is a lien creditor from the date of the filing of a bankruptcy petition. *See* O.C.G.A. § 11–9–301(3) (1982).[4] Thus, Plaintiff's claim is subordinate to Defendant's claim to the diamond ring and $4,917.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that the relief sought by First American Bank & Trust Company of Athens, Georgia, Plaintiff, in its "Complaint to Recover Money and Property" filed on October 17, 1985, is hereby denied; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED this 28th day of May, 1987.

---

4. Section 11–9–301(3) of the Georgia Code provides:

 (3) A "lien creditor" means a creditor who has acquired a lien on the property involved by attachment, levy, or the like and includes an assignee for benefit of creditors from the time of assignment, and *a trustee in bankruptcy from the date of filing of the petition* or a receiver in equity from the time of appointment.
 O.C.G.A. § 11–9–301(3) (1982) (emphasis added).