In re McTYRE GRADING
& PIPE, INC., Debtor.

Richard D. ELLENBERG, As Trustee
of McTyre Grading & Pipe, Inc.,
Plaintiff,

v.

J.M. TULL METAL; Department of Labor
of The State of Georgia; Vulcan Metals
Company; Yancey Brothers Corp.; Jim
McDuffy, Tax Commissioner, City of
Powder Springs, Georgia; Atlanta Tool
& Jack Sales and Service, Inc.; Depart-
ment of Revenue of The State of Geor-
gia; and United States of America
(IRS), Defendants.

Bankruptcy No. 91–75149.
Adv. No. 94–6228.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 10, 1995.

Richard D. Ellenberg, Trustee, Atlanta, GA.

Carl J. Howe, Atlanta, GA, for defendant J.M. Tull Metal.

Michael J. Bowers, Atty. General's Office, Atlanta, GA, for defendant Dept. of Labor and Dept. of Revenue of State of Ga.

Marshall L. Helms, Jr., Helms & Helms, Lithia Springs, GA, for defendant Yancey Brothers Corp.

Richard W. Calhoun, Brock & Clay, P.C., Marietta, GA, for defendant City of Powder Springs, Ga.

Kate Rogers, Cobb County Attys. Office, Marietta, GA, for defendant Jim McDuffy.

Michael N. Wilcove, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant U.S..

MARGARET H. MURPHY, Bankruptcy Judge.

This adversary proceeding is before the court on the Trustee's motion for partial summary judgment as to four defendants. First, the Trustee seeks summary judgment as to the City of Powder Springs (the "City"), who holds ad valorem tax liens against real property of Debtor. Postpetition, the City recorded writs of fi. fa. as to those tax liens. Second, the Trustee seeks summary judgment as to the Georgia Department of Labor ("Labor"), who holds a tax lien for unpaid unemployment taxes. Labor recorded its writ of fi. fa. during the 90–day prepetition preference period. Third, the Trustee seeks summary judgment as to Yancey Brothers Corp. ("Yancey"), who holds a judgment lien against Debtor. Yancey also recorded its writ of fi. fa. during the 90–day prepetition preference period. Finally, the Trustee seeks clarification of a consent order entered October 16, 1992, which set forth the agreement between Debtor and the Internal Revenue Service ("IRS") as to Debtor's use of cash collateral securing the claim of the IRS. The Trustee also seeks to assert a claim pursuant to 11 U.S.C. § 506(c) against the IRS' collateral.

### 1. The tax lien of the City of Powder Springs

■ The Trustee contends that the City's liens are void because the writs of fi. fa. were filed postpetition in violation of the automatic stay of 11 U.S.C. § 362(a). The City filed a response in which it argues that because the ad valorem tax lien arises automatically pursuant to O.C.G.A. § 48–2–56, the acts of filing the writs of fi. fa. were redundant and, therefore, could not violate the automatic stay. The City cites in support of its argument *Kocurek v. Arnold (In re Thurman )*, 163 B.R. 95 (Bankr.W.D.Tex.1994). *But see, Pointer v. City of Farmers Branch*, 113 B.R.

285 (Bankr.N.D.Tex.1990). The Trustee filed no reply to the City's response.

Subsection (a)(4) of § 362 provides that the automatic stay prohibits any act to create, perfect, or enforce any lien against property of the estate. In the instant case, the City's lien for ad valorem taxes was perfected and superior to all other liens before the fi. fa. was recorded. O.C.G.A. § 48–2–56(a) and (d); *Tuggle v. IRS*, 30 B.R. 718 (Bankr. N.D.Ga.1983). The recording of the writs was a redundant act designed to provide record notice of the tax liens but according the City no better lien status than it had before the writs were recorded. Therefore, because the postpetition recording of the writs of fi. fa. did not act to create, perfect or enforce the City's lien, the City's actions did not violate the automatic stay.

### 2. The tax lien of the Georgia Department of Labor

In the motion for partial summary judgment, the Trustee initially asserted that Labor's tax lien was avoidable because it was recorded during the 90–day prepetition preference period. In Labor's response to the Trustee's motion, Labor relies upon the exception set forth in § 547(c)(6) which provides that the Trustee may not avoid a transfer which is the fixing of a statutory lien not avoidable under § 545. Labor shows that its lien is a statutory lien pursuant to O.C.G.A. § 34–8–167(b) and that it is not avoidable by the Trustee pursuant to § 545. The Trustee filed a reply conceding that Labor's arguments were well-founded.

### 3. The judgment lien of Yancey Brothers Corp.

■ In the motion for partial summary judgment, the Trustee asserted that Yancey's judgment lien was avoidable because it was recorded during the 90–day prepetition preference period. The Trustee set forth sufficient facts to satisfy the elements of § 547(b). Yancey failed to file a response; accordingly, the motion is deemed unopposed. LR 220–1 NDGa, incorporated in BLR 705–2 NDGa. Additionally, as a result of Yancey's failure to respond to the motion for summary judgment, the Trustee's state-

ment of undisputed material fact is deemed admitted. LR 220–5(b)(2) NDGa, incorporated in BLR 705–2 NDGa. Therefore, the Trustee has established his right to summary judgment against Yancey.

### 4. The replacement lien of the IRS

■ By consent order entered October 19, 1992, the IRS agreed to allow Debtor to use cash collateral in return for Debtor's agreement to provide adequate protection of the IRS lien on Debtor's accounts receivable. The order provided:

> The [IRS] shall receive a lien in all cash collateral as defined in 11 U.S.C. § 363(a) and the proceeds thereof acquired postpetition to the same extent and in the same priority as it had in similar prepetition collateral at the time of the filing of the Chapter 11 petition. The [IRS] shall not be required to file additional liens in any jurisdiction or take any other action in order to validate or perfect its interest in the postpetition cash collateral and proceeds thereof provided herein.

The Trustee asserts that the language of the consent order is unclear and needs clarification by this court. The Trustee contends that if the consent order intended to grant the IRS a replacement lien on all Debtor's postpetition accounts receivable and their proceeds, such a replacement lien could be granted only to a creditor whose cash collateral had been used without the creditor's knowledge or consent and only to the extent that such cash collateral was actually dissipated. The Trustee maintains the IRS is not an "innocent" creditor because it failed to take any action to prevent Debtor's use of cash collateral for over a year after the petition was filed. The Trustee argues that a replacement lien in postpetition collateral gives the IRS more protection than it had prepetition.

The IRS responds that the relief sought by the Trustee is inappropriate in the context of this adversary proceeding and should, more properly, have been filed under Bankruptcy Rule 9024, which incorporates FRCP 60, as a motion to amend or vacate the consent order. The IRS chastises the Trustee for delaying almost two years in seeking relief from the consent order. The IRS asserts that replacement liens are a common means of providing a secured creditor with adequate protection in return for consent for a debtor to use cash collateral.

The facts appear to support a conclusion that the IRS was oversecured as of the date the petition was filed and is oversecured now. The granting of a replacement lien may have created a greater equity cushion for the IRS but does not appear to have allowed the IRS to receive more in payment of its claim than it would have without the replacement lien. As the IRS points out, the Trustee is in control of the information concerning the dissipation of Debtor's prepetition cash collateral, so the burden is properly upon the Trustee to provide specific information to support a claim that the IRS received more protection than it was entitled to receive.

The granting of a replacement lien in postpetition accounts is a common practice in cash collateral orders in Chapter 11 cases. The provisions of the order which is the subject of the Trustee's motion are not unclear or ambiguous. The IRS received a replacement lien in Debtor's postpetition accounts and their proceeds "to the same extent and in the same priority as it had in similar prepetition collateral at the time of the filing of the Chapter 11 petition." The IRS was entitled to adequate protection of its security interest and the replacement lien provides such adequate protection. To divest the IRS of that lien now, after Debtor has had the use of the IRS' cash collateral for over two years, would be unfair.

The Trustee's request for payment of expenses pursuant to § 506(c) is premature. The Trustee may, at the appropriate time, file a motion which fully sets forth the expenses incurred and the factual basis of the Trustee's asserted entitlement to receive payment from the collateral.

■ Where a non-moving party is entitled to judgment as a matter of law, summary judgment may be awarded in favor of the non-moving party. *Bosarge v. U.S. Department of Education,* 5 F.3d 1414 (11th Cir. 1993); *Federal Deposit Insurance Corp. v. Sumner Financial Corp.,* 376 F.Supp. 772

(M.D.Fla.1974); 6 *Moore's Federal Practice* ¶ 56.12. Accordingly, for the reasons set forth above, it is hereby

ORDERED that, as to the City of Powder Springs, the Trustee's motion for summary judgment is **DENIED** and summary judgment in favor of the City is **GRANTED.** It is further

ORDERED that, as to the Georgia Department of Labor, the Trustee's motion for summary judgment is **DENIED** and summary judgment in favor of the Department of Labor is **GRANTED.** It is further

ORDERED that, as to Yancey Brothers Corp., summary judgment in favor of the Trustee is **GRANTED.** It is further

ORDERED that, as to the United States of America (IRS), the Trustee's motion for summary judgment is **DENIED.**

IT IS SO ORDERED.